## THOMAS GORDON *vs.* GEORGE H. CLAPP.

A bill in equity to redeem personal property from a mortgage purporting to be given to se-
cure payment of $3500, alleged that only $500 was due to the mortgagee, and that the
mortgage was made for the purpose of securing the property to the plaintiff and upon the
understanding that the $3000 were not to be paid. *Held*, on demurrer, that the plaintiff's
remedy, if any, was under the Gen. Sts. *c.* 151, § 5.

BILL IN EQUITY alleging that the plaintiff, being indebted to
Napoleon B. Bryant in the sum of $500, sold and transferred to
him certain personal property by a mortgage deed, containing a
power of sale, and purporting to be made to secure the payment
of four promissory notes, one for $500, and three for $1000 each,
signed by the plaintiff, and payable to Bryant or order, said
property being "really and actually subject to redemption upon
the payment by the plaintiff of said sum of $500 so due by the
plaintiff to Bryant," "said mortgage and transfer from the plain-
tiff to Bryant having been made to secure the further sum of
$3000 as aforesaid, for the purpose of securing the said property
to the plaintiff, and upon the express agreement and understand-
ing between the plaintiff and Bryant that the same was not due
to Bryant, and that the same was not to be paid."

The bill further alleged that the plaintiff paid Bryant $287;
that afterwards Bryant, for $230, assigned the mortgage to the
defendant, who, at the time of assignment, knew the foregoing
facts; that the defendant took possession of the mortgaged prop-
erty; that the plaintiff tendered the defendant the sum of $233
and his costs and expenses, which was more than was due to him
but that the defendant refused to accept it, and threatened to sell
the property under the power in the mortgage deed. The prayer
was for an injunction and an account; and that, upon payment
of the amount due, the defendant might discharge the mortgage;
and for further relief.

The defendant demurred on the ground that the bill did not
state such a case as entitled the plaintiff to the relief prayed for.
The demurrer was sustained, and the plaintiff appealed.

*W. Howland,* for the defendant.

*A. F. L. Norris*, for the plaintiff.

COLT, J. The jurisdiction of this court as a court of equity is limited by statute to those cases where there is not a plain, adequate and complete remedy at law. Bills to redeem mortgages of personal property, when objection to the jurisdiction is taken by demurrer, will not be entertained therefore, unless a case is disclosed in the allegations, where, from the nature of the property mortgaged, the peculiar relation of the parties, or the difficulty of ascertaining the amount to be paid or tendered, it is apparent that the mode specifically provided by statute for the redemption of such mortgages, will not fully protect the mortgagor's rights. Gen. Sts. *c.* 113, § 2; *c.* 151, § 5. *Boston & Fairhaven Iron Works* v. *Montague*, 108 Mass. 248.

This bill alleges that the mortgage was given to secure notes made for more than was due at the time " for the purpose of securing the said property to the plaintiff, and upon the express agreement and understanding " that the notes were not to be paid. If this is only relied on as showing partial want of consideration, then it is a defence to the notes which, if it amounts to anything, may be availed of as effectually at law as in equity. *Hodgkins* v. *Moulton*, 100 Mass. 309. The mortgagor, in proceedings for redemption under the statute, is required to pay or tender only the amount actually due, and for all that appears may have effectual relief there. If the bill means to charge that the mortgage was made and the notes given with intent to defraud creditors, then the answer is that as between the parties the transaction is valid and binding, and the plaintiff cannot be heard to allege his own turpitude as ground for relief in equity. 1 Story Eq. § 371. *Wearse* v. *Pierce*, 24 Pick. 141, 146.

The plaintiff does not state a case which entitles him to relief within the rule above stated. *Demurrer sustained*