## DANIEL S. GRAFFAM *vs.* FABIUS M. RAY.

### Cumberland. Opinion January 8, 1898.

*Probate. Devastavit. Jurisdiction. Suits for Legacies.*

The Probate Court has exclusive jurisdiction, subject to appeal to the Supreme Court of Probate, of the estate of decedents, and their final settlement and distribution, including the settlement of the accounts of the personal representative.

The Supreme Judicial Court, as a common law court, does not have jurisdiction in a common law action of negligence brought by a residuary legatee against a former executor for wasting the assets of the estate.

A residuary legatee alleged a devastavit by the defendant, executor of the will, in failing to collect and account for certain debts due the estate and claimed to recover their amount of the defendant in an action at common law in this court sitting below. *Held;* that the action cannot be maintained.

*Also;* that the plaintiff's remedy, if the defendant is in fault as claimed, is in the Probate Court, and not by suit at common law. The fact that the executor has rendered his final account in probate and resigned does not change the result. He may still be cited into the Probate Court.

The statute right to sue for a legacy does not confer a right upon a residuary legatee to sue for a devastavit for his private benefit.

ON EXCEPTIONS BY PLAINTIFF.

The case is stated in the opinion.

*S. L. Bates,* for plaintiff.

Both by statute and at common law, the residuary legatee may sue the executor for his legacy without regard to the probate bond or the probate court. "Any legatee of a residuary or specific legacy under a will, may sue for and recover the same of the executor in an action of debt at common law, or other appropriate action." R. S., c. 65, § 31.

And in *Smith* v. *Lambert*, 30 Maine, 137, TENNEY, J., says:—

"Any person having a legacy given in any last will may sue for and recover the same at common law . . . . the statute of 1784, c. 24, early received a judicial construction by the Supreme Judicial Court of Massachusetts, previous to the separation of this state therefrom; and the statute of this State of 1821 and the Revised Statutes are to be considered in connection with this construction, which by a well-known rule of law is regarded as adopted when those re-enactments took place."

In *Farwell* v. *Jacobs*, 4 Mass. 634, Parsons, J., says: "In consequence of these statute provisions [referring to the statute of 1784 and previous acts] legacies have always been recovered by actions at law."

In *Smith* v. *Lambert*, supra, TENNEY, J., says further: "It is no longer necessary that the executor's account in the probate office should exhibit assets liable to a residuary legacy to entitle the one to whom it belongs to receive it."

And in *Cowdin* v. *Perry*, 11 Pick. 503, the court say: "But the question to whom and at what time a legacy or distributive portion under the will is to be paid by an executor, is one of which the judge of probate has no jurisdiction."

"A legatee may bring an action of assumpsit for a legacy which has become due." 32 Conn. 422.

The case *Prescott* v. *Scott*, 62 Maine, 450, decides that even the personal representative of the legatee may sue the personal representative of the executor in assumpsit to recover a part of the legacy which has never been paid over.

If the residuary legatee (as we have already shown) can maintain an action against the executor to recover his legacy, it would seem to reasonably follow that he can maintain an action against the executor for loss to, or destruction of, the legacy through the executor's negligence or fault. And the following decisions seem to sustain this view: "He (the admr. de bonis non) has no recourse against his official predecessor for devastavit or maladministration, the remedy therefor being reserved to the creditors, legatees and distributees directly." *Waterman* v. *Dockray*, 78 Maine, 141.

"In an action against an administrator to recover a legacy of negroes which have already been distributed, the verdict can only be for money." 17 Ga. 141.

An action on the case can be maintained to recover damages for not paying a legacy (for support and maintenance) to the plaintiff. *Farwell* v. *Jacobs*, 4 Mass. 634.

"Neither has it (the Probate Court) power to try a claim against an executor for damages arising out of his acts as such." Woerner's Am. Law of Admrs. pp. 327 and 348.

As this is an action by the residuary legatee, which has no reference to the probate bond, anything that has, or has not, been done in the probate court, must be brought up at the trial of the case, (if either party wishes to bring up anything of the kind.) No such question can be raised on general demurrer.

*J. H. and J. H. Drummond, Jr.*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

STROUT, J. Plaintiff is residuary legatee under the will of Elias S. Dodge. Defendant was executor of that will. He has filed his final account in Probate Court, and resigned his trust. Plaintiff claims that he was guilty of a devastavit, while in office as executor, in that he failed to collect certain choses in action existing in favor of Dodge, and permitted them to become barred by the statute of limitations. He seeks to recover the amount of these rights and credits in this action at common law, to his own use. The case comes here upon exceptions to a ruling of the court below sustaining a general demurrer to the declaration.

Assuming the defendant to be in default, as we must do on the question as now presented (though the fact is denied in argument) can this action be maintained? We think not.

The Probate Court has exclusive jurisdiction, subject to appeal to the Supreme Court of Probate, of the estates of decedents, and their final settlement and distribution, including the settlement of the accounts of the personal representative. If a devastavit

exists, it is the duty of that court to compel the executor to account for the amount lost to the estate by his fault. The executor is bound to act in good faith, and with reasonable diligence, in husbanding all 'the assets of the estate. But he is not required, nor would he be justified, in rushing into injudicious suits, where recovery is doubtful, or its expense in excess of the amount to be realized. If a devastavit is alleged, a hearing upon that question should be had in the Probate Court, on settlement of the executor's account. On such hearing, he would not necessarily be charged with the full amount of the uncollected claims. They might be doubtful or subject to set-off, or denied by the assumed debtor. In such case, the uncertainty of recovery, or the expense of suit, might, be so disproportionate to the amount of the claim, that it would be unwise to institute suit, and subject the estate to the expense; or the executor might not have funds of the estate sufficient to carry on the litigation. All these questions would be determined by the Probate Court, and the executor charged for such amount as in equity and under the rules of law he was liable for. All these matters are within the exclusive jurisdiction of the Probate Court, and cannot be passed upon by a common law tribunal. The Probate Court is invested with ample power in these respects.

Notwithstanding the resignation of the executor, he can still be cited into the Probate Court, and required to account for the matters claimed, if liable therefor. *Robinson* v. *Ring*, 72 Maine, 143. It can only be done in that court. *Potter* v. *Cummings*, 18 Maine, 58; *Judge of Probate* v. *Quimby*, 89 Maine, 576.

There is no allegation in the writ that the debts and general legacies have been paid, nor that the amounts now claimed will not be needed for that purpose, nor that the estate is solvent. For aught that is disclosed by the writ, there may be nothing for the residuary legatee, in any event. There is no allegation that the present claim of plaintiff to charge the executor with these uncollected sums, was not made, heard and disallowed by the Probate Court on settlement of the executor's account. If it were, and that court rejected the charge, its decree to that effect, unappealed

from, is final and cannot be impeached or inquired into here, as the matter was entirely within its jurisdiction. *Gilbert* v. *Duncan*, 65 Maine, 477 ; *Sturtevant* v. *Tallman*, 27 Maine, 78 ; *Pierce* v. *Irish*, 31 Maine, 254 ; *Simpson* v. *Norton*, 45 Maine, 281 ; *Decker* v. *Decker*, 74 Maine, 467 ; *Harlow* v. *Harlow*, 65 Maine, 448.

If the defendant is guilty of a devastavit, as plaintiff claims, the liability is to the estate of Dodge, and not to this plaintiff personally. The funds may be needed to pay debts or general legacies, or administration expenses. The plaintiff is entitled only to so much of the estate as may remain after these superior claims are satisfied; but nothing till then. This court, as a common law court, has no power to marshal the assets, and determine what amount, if anything, remains for the plaintiff. It is true, the statute authorizes any legatee, specific or residuary, to sue for his legacy; but before suit it is necessary that the amount shall have been ascertained, as a basis for the suit. If the legacy is specific or definite in amount, the will affords the necessary basis for suit; if residuary, it should be ascertained by the Probate Court in the first instance, and by appeal to the Supreme Court of Probate, if desired, after payment of all superior claims. Until this is done, the residuary legatee ordinarily has no right of action. Till then it is uncertain whether there will be any residue. In *Hanscom* v. *Marston*, 82 Maine, 295, this court said, "heirs and residuary legatees have no claim against the estate. Their time does not come till the claims have been so far paid, and the estate so far administered, that the court declares a balance to exist for distribution." *Jones* v. *Irvine*, 23 Miss. 361.

But the statute right to sue for a legacy, by no means confers a right upon a residuary legatee to sue for a devastavit for his private benefit. This suit is not for a legacy. It is an attempt to charge the executor in damages for negligence in the execution of his trust,—not for the benefit of the Dodge estate, but for the personal benefit of this plaintiff. No case has been cited, and we have found none, which holds that such an action can be maintained.

In *Waterman* v. *Dockray*, 78 Maine, 141, it is said that an ad-

ministrator de bonis " has no recourse against his official predeces-
sor for devastavit or maladministration, the remedy therefor being
reserved to the creditors, legatees and distributees directly." This
language is not authority for the maintenance of an action like the
present. The parties aggrieved must pursue their legal remedy
before the proper tribunal, which is the Probate Court; and if
successful, the amount charged against the executor goes to the
estate, to be administered by that court according to law. It can-
not be recovered by suit at common law, by a creditor or any
legatee, for his personal use and benefit.

In *Smith* v. *Lambert*, 30 Maine, 137, a residuary legatee was
allowed to recover, although the executor's account had not been
fully settled, but administration had proceeded far enough to show
an amount to which the residuary legatee was entitled. No ques-
tion of malfeasance of the executor was involved in that case.

To sustain this action, the court would be obliged to reopen the
executor's account, hear evidence upon the question of devastavit
or not, and to charge the executor, if found liable, with the
amount he should have been charged with in his probate account.
All these matters are within the exclusive jurisdiction of the
Probate Court. If such hearing could be had in this suit, and if
defendant should be held liable to the estate for part or all of the
amounts claimed, a judgment for that amount would withdraw it
from the estate, and its administration in Probate, and give it to
plaintiff personally, possibly to the detriment of other parties.
Such result cannot be permitted.

If allowed, it is doubtful if it would bar the Probate Court
from citing the defendant, and charging him with the same
amounts, to be paid to the administrator de bonis non.

*Exceptions overruled.*