ANDREW LOGGIE, and others, In Equity,

*vs.*

FRED A. CHANDLER, and another.

Washington.     Opinion April 6, 1901.

*Equity.   Practice.   Chattel Mortgage.   Discharge.   R. S., c. 77, § 6, cl. 3;
c. 91, § 3.*

1.  Though a cause in equity has been heard upon the bill, answer and evidence, and reported to the law court without any demurrer filed, yet if the law court finds the allegations in the bill insufficient to sustain the relief asked for, it may suo motu dismiss the bill for that reason without considering the evidence.

2.  When there is no prayer for general relief in a bill in equity, the court is confined to the prayer for special relief and can grant no other relief.

3.  A bill in equity without a prayer for general relief and only asking for a particular relief, which upon the allegations in the bill cannot be granted, is demurrable for that reason.

4.  Bills in equity, however, may be amended upon proper terms conserving the interests of the defendants, by amending, or inserting new prayers for relief even after hearing upon merits, when no demurrer has been interposed.

5.  There is in this State no statute or rule of law requiring the mortgagee in a chattel mortgage which has been paid before foreclosure expired, to surrender up or cancel the mortgage instrument, under ordinary circumstances at least.

6.  When a mortgagor in a chattel mortgage has seasonably paid or tendered the mortgage debt, even after condition broken. the mortgage is ipso facto discharged, and the property revests at once in the mortgagor without delivery or decree.   He then has full, adequate and complete remedies at law for the protection of his property, or for determining questions in relation to it, and hence has no occasion to invoke the equity powers of the court.

7.  That the continued existence in the possession of the mortgagee of the instrument of mortgage thus paid and discharged makes it necessary for the

mortgagor to carefully preserve the evidence of such payment, is not sufficient ground for a decree in equity requiring the cancellation or surrender of the instrument.

8.  Whether a bill in equity can ever be maintained for the simple purpose of clearing the title to personal property,—*quere.*

9.  When a party seeks relief in equity from the legal consequences of his failure to seasonably perform conditions, upon the ground of his inability to perform in season, it is not sufficient for him to allege simply that he was unable to seasonably find out and perform the condition. He must state such primary facts, as will enable the court to see for itself, that under such facts he should be held to be legally excused for the non-performance of the condition.

10. Whether in such case a statement in the bill that the plaintiff is " willing to " perform the condition if allowed to do so, is equivalent to an offer to perform,—*quere.*

11. In this State the foreclosure and redemption of chattel mortgages are wholly regulated by statute, and the statutory modes must be pursued wherever practicable. Under ordinary circumstances, at least, a bill in equity cannot be maintained for the redemption of personal property from a chattel mortgage conditioned for the payment of money at a specified time.

*Held ;* that the allegations in this bill, taking them to be true, do not entitle the plaintiffs to the relief they have prayed for, nor to any relief in equity,— hence their bill is dismissed with costs without regard to the evidence. Evidence without sufficient allegation is futile.

On report.   Bill dismissed without prejudice.

Bill in equity praying that the defendants may be restrained from perfecting foreclosure of a chattel mortgage, and claiming, first, that there is nothing due upon it; and, second, praying that if anything be due, then that the plaintiff's may be allowed to redeem.

The case appears in the opinion.

*W. R. Pattangall*, for plaintiffs.

Was this mortgage, as recorded, sufficient notice to a bona-fide purchaser of any claim which the defendants had by reason of their liability as indorsers on notes at Machias Savings Bank ?

Counsel cited :   *Jewett* v. *Preston*, 27 Maine, 400 ; *Sawyer* v. *Pennell*, 19 Maine, 167 ; *Clark* v. *Hyman*, 39 Am. Rep., 163 ; *Hall* v. *Cushman*, 16 N. H. 462 ; 43 Am. Dec. 564 ; and notes to *Moore* v. *Moore*, 15 Am. Dec. 526 ; *Partridge* v. *Swazey*, 46 Maine, 414.

Whatever puts a party upon inquiry amounts to notice, provided

inquiry becomes a duty, and would lead to the knowledge of the requisite fact by exercise of ordinary diligence; but this rule has been limited, by many of the courts, to those cases where failure to make inquiry amounts to gross negligence. Ency. of Law, Vol. 16, 792 to 795, and cases there cited.

In this case a party put upon inquiry by the presence of the recorded mortgage would naturally have inquired at Machias Bank, and as Mr. Cary had no knowledge whatever of the mortgage, but simply knew that all the notes signed by the parties which had been in Machias Bank, had been paid, the inquirer would certainly have got no information there of any use to him.

*L. B. Deasy and C. Peabody*, for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

EMERY, J. The story is this. Mr. and Mrs. Leighton on Dec. 16, 1897, mortgaged certain personal property to the respondents, Chandler and Wass, as security for their surety-ship upon certain notes of the Leightons given to a Machias Bank. The property consisted of a building used as a blueberry canning factory, and its various contents of tin, tools, cans, machinery, etc. The mortgage was in the usual form of a chattel mortgage bill of sale, conditioned to become void if the Leightons paid the described notes on or before Dec. 15, 1898, and it was recorded in the town where the Leightons resided.

In April 29, 1899, the mortgagees, Chandler and Wass, began the usual statutory proceedings to foreclose the above mortgage. The notice of such proceedings and the affidavits of service were recorded May 5, 1899.

In the January previous, however, the Leightons conveyed for value all said property to the plaintiff, Pattangall, who had no actual notice of the prior mortgage. Pattangall soon afterward conveyed for value the same property to the Messrs. Loggie, the other complainants, who also had no actual notice of the mortgage.

The right to redeem from the mortgage would have expired in

sixty days from May 5, 1899, when the notice of foreclosure was recorded; but a few days before such expiration, viz. on June 27, Pattangall and the Loggies filed a bill in equity against the mortgagees, Chandler and Wass, in which they substantially stated the matters above recited and then further alleged as follows:

" Fourth.—The complainants further say, that they believe and have reason to believe, that there is nothing due these respondents under said mortgage.

" Fifth.—The complainants further say, that they have no means of ascertaining the amount due on said mortgage to these respondents, if any amount be due, and that they are willing to pay whatever is due."

Their specific prayers were as follows:

" First.—That an injunction issue to prevent the completion of said foreclosure proceedings, and to protect the said Loggies in their possession of the said property, pending a hearing on this bill.

" Second. That the amount due on said mortgage, if anything, be determined and that they be allowed to redeem said property on payment of the same.

" Third. That they be awarded costs."

There was no other prayer, general or special.

I.　The ground first taken in the bill is that the mortgage has been paid. At present, however, no relief is asked for upon that ground, nor is there any prayer for general relief under which the court could grant appropriate relief. The only relief we are asked to grant is (1) to stay foreclosure, etc., pendente lite—(2) to determine the amount due, and (3) to award costs.

The prayer for relief is as essential a part of a bill in equity as is the statement of facts. The court cannot go beyond the one any more than the other. The respondent need not anticipate a decree that is not asked for. By the fourth Chancery Rule a statement of the specific relief sought is required, while a prayer for general relief is merely permitted. If the first ground taken in the bill

were the only ground, the bill would be demurrable for want of sufficient statement of the relief desired. Whitehouse's Eq. Pr. 222; *Perry* v. *Perry*, 65 Maine, 399.

The prayer for relief is not a statement of any matter of fact, but rather of the claim made under stated facts. If no demurrer be interposed the court can proceed to ascertain the facts and the resultant law and permit the plaintiff to formulate his claim before decree upon terms and conditions equitable to the respondent, No demurrer was interposed in this case, and hence the court may proceed to consider what equitable relief, if any, the plaintiffs are entitled to upon the first ground stated. If relief is found to be due them, the court can grant permission to formulate the claim therefor upon such terms as shall fully compensate the respondents for any inconveniences suffered from its omission in the first instance.

The only relief that can be given is a decree for the surrender or cancellation of the mortgage bill of sale.

There is, however, no statement of facts in the bill showing that to be necessary. If the condition of the mortgage has been performed, as alleged, then the mortgage is ipso facto void and the paper upon which it is written is waste paper. The property mortgaged has already vested in the plaintiffs "without re-delivery or re-sale, and without any cancellation of the mortgage." *Sumner* v. *Bachelder*, 30 Maine, 35. A chattel mortgage is not a "written contract" which may be ordered cancelled under R. S., c. 77, § 6, ch. III. No statute or rule of law is cited which requires the mortgagee in a chattel mortgage to cancel and deliver up the written instrument upon performance of the condition; and certainly the court will not ordinarily require a party to do more than the law requires him to do.

Though not stated in the bill, it is urged in argument that the respondents may undertake to take possession of the property, or bring some action to recover it, upon the strength of the written instrument. Should they do so, the respondents have a plain, adequate and complete remedy at law, both to defend against the respondents' action and to maintain actions against them. The

alleged performance of the condition is a complete bar to any claim the respondents can make. It is further urged that the evidence of such performance may in time be lost,—to the great inconvenience of the plaintiffs. That fact, however, is no ground for a decree in equity for cancellation. *Farmington Vill. Corp.* v. *Sandy River Bank*, 85 Maine, 46-53. It may be a casus omissus, but the mortgagor in a chattel mortgage seems to be left to preserve the evidence of the performance of the condition, ready to adduce if any action be taken under the defunct bill of sale. If he desires to perpetuate the evidence, he must resort to the usual means for that purpose.

It is again urged in argument that the mortgage is invalid because not sufficient in itself to give notice by record, the plaintiffs having no actual notice,—and also because it does not describe the notes on which the respondents became surety, but other notes which did not exist. The answer is, that these questions can be effectually and readily determined in an action at law. *York* v. *Murphy*, 91 Maine, 320.

So far as appears the plaintiffs can fully protect themselves by available remedies at law, and hence are not entitled to any relief in equity upon the first ground stated. See *Bushnell* v. *Avery*, 121 Mass. 148, an almost parallel case.

II. The second and last ground taken by the plaintiffs in the bill is, that if anything is due they are willing to pay it; and here the prayer is that the court will determine the amount due and allow them to redeem the property on payment of that amount.

Assuming, for the moment, that the court should ordinarily entertain a bill in equity to redeem from a chattel mortgage, it is common learning that such a bill should contain a tender or an offer to pay the amount due. It is certainly not clear that this bill contains such. The allegation is merely that " they are willing to pay." One may be willing to do what he does not, and will not, offer to do. It is not clear that the court should proceed upon a bill which does not contain a distinct, positive offer to pay.

Again, if the court has jurisdiction to decree as redemption from

chattel mortgages as a matter of course, it would seem that the procedure should be analogous to that for redemption from real estate mortgages. In the latter case no bill will be sustained unless a prior tender of performance has been made, or facts are stated showing that such tender could not be made, as that the mortgagee refused to render an account of the amount due, etc. In this bill there is no allegation of a prior tender and no allegation explaining the omission, except that the plaintiffs had " no means of ascertaining the amount due on said mortgage to these respondents." This allegation is insufficient. When a plaintiff in equity asks to be excused for the non-performance of a duty or a condition precedent, it is not enough for him to say he was unable to perform it or had no means of finding out what it was. He must state the particular facts and circumstances fully and explicitly, so that the court can see the whole situation, and see for itself that he could not perform, or ascertain his duty,—that the facts and circumstances themselves excuse him. In this case, so far as appears in the bill, an inquiry of the respondents or at the Machias Banks would have procured definite and sufficient information.

For the foregoing reasons the bill, upon the second ground taken, might also be dismissed for want of sufficient allegations;— but if these deficiencies were supplied in a new bill it would not follow that even then the new bill should be sustained, if no other ground be stated than the desire to redeem from this chattel mortgage.

There is no statute specifically conferring upon the court jurisdiction in equity for redemption from chattel mortgages, as there is for redemption from real estate mortgages. Such jurisdiction, if any, must be found within the general jurisdiction clause which is limited to cases, "where there is not a plain, adequate and complete remedy at law." It is also a general rule of law and equity that when the legislature has created rights, and prescribed the mode of exercising them and afforded ample remedies, not equitable, for their breach those modes and remedies are exclusive of any remedy in equity.

In Maine and Massachusetts, chattel mortgages and the rights,

duties and remedies of the parties to them after breach of condition have been, and are, wholly regulated by statute. At first, there was no right of redemption after breach of condition, unless the mortgagee voluntarily extended the time. *Flanders* v. *Barstow*, 18 Maine, 357. Later, there was given by statute a right of redemption within sixty days after breach of condition, *Clapp* v. *Glidden*, 39 Maine, 448; *Winchester* v. *Ball*, 54 Maine, 558; but by the same statute (condensed in R. S., 1857, ch. 91, § 4) it was enacted that to exercise this new right to redeem "the sum due on the mortgage with all reasonable charges incurred must be paid or tendered" within that sixty days. Up to this time no process of foreclosure was provided and none was necessary. The failure to redeem within the sixty days after breach, ipso facto vested the property absolutely in the mortgagee. In 1861 (ch. 23) a process of foreclosure was provided and the right of redemption was extended to sixty days after the notice of foreclosure was recorded. By the same statute, however, (now R. S. ch. 91, § 3) it was enacted that this enlarged right of redemption should be exercised "by paying or tendering to the mortgagee . . . . the sum due thereon, or by performing, or offering to perform, the conditions thereof, when not for the payment of money, with all reasonable charges incurred."

Under these various statutes, pari passu with the creation and enlargement of the right of redemption after breach of condition went the enactment that the right should be exercised by performance, or tender of performance, of the condition made within the statutory period. If the mortgagor performs or tenders performance of the condition, the property becomes absolutely his, to be recovered and defended by his own hand or by the usual actions at law. If he fails to perform or to tender performance within that time, the property vests absolutely in the mortgagee leaving no scintilla of right in the mortgagor cognizable either at law or in equity. In case of controversy, the question whether performance has been made, or tendered, is one of fact fully cognizable by a court of law with trial by jury.

These specific statutory provisions and the full availability of

ample remedies of the mortgagor, outside of those in equity, exclude the general equity jurisdiction of the court from this field. Jones on Chattel Mortgages, § 686. In *Boston & Fairhaven Iron Works* v. *Montague,* 108 Mass. 248, it was said (page 253) : "In the ordinary cases of mortgages of chattels where the debt or duty of the mortgagor is ascertained and fixed and the property mortgaged will pass by delivery, these provisions, [those of the statute similar to ours] furnish an effectual mode of protecting the rights of the mortgagor, and there is no occasion for the intervention of a court of equity." In *Gordon* v. *Clapp,* 111 Mass. 22 it was expressly decided that the court would not entertain a bill in equity to redeem from a chattel mortgage unless facts are stated making it "apparent that the mode specifically provided by the statute will not fully protect the mortgagor's rights." In *Chase* v. *Palmer,* 25 Maine, 345, and in *Ramsdell* v. *Tewksbury,* 73 Maine, 199, it was said that statutory modes of foreclosure excluded foreclosure by bill in equity.

In this State we find no resort to a bill in equity to redeem from a chattel mortgage until the case of *York* v. *Murphy,* 91 Maine, 320. In that case the bill was in the alternative, (1) to have the mortgage declared void, and (2) if valid, to be allowed to redeem from it with an offer to pay the amount due. The bill was adjudged insufficient for either purpose. The court, however, seems to have gathered from the hearing that there were, or might be, some facts not disclosed in the bill, which would entitle the plaintiff to special relief in equity against the mortgage and foreclosure. It was, therefore, suggested that the court would hold the bill to permit such facts, if any, to be alleged. The case is not authority for the proposition that in ordinary cases of failure to perform the condition of a chattel mortgage within sixty days from the time of recording the statutory notice of foreclosure the court will sustain a bill in equity for a redemption. The property in such case vests absolutely in the mortgagee by operation of positive law. *Winchester* v. *Ball,* 54 Maine, 558. For the court to afterwards restore it to the mortgagor, upon any terms, is to violate his plain, absolute vested right of property.

Of course there may be in some case peculiar facts and circumstances in the nature of the property,—the character of the condition,—the conduct of the mortgagee, or perhaps in the accidents or misfortunes of the mortgagor, or in other respects, that would render it necessary for a court of equity to intervene to protect the contractual or statutory rights of the mortgagor or his assigns. Such facts and circumstances might give to the court jurisdiction in equity. It is possible they exist in this case, but they have not been alleged in the bill and there has been no suggestion of them in argument. The bill, therefore, must be dismissed with costs but it may be without prejudice if the plaintiffs think they can allege and prove a case entitling them to equitable relief. We have not considered the evidence for, as often iterated, evidence is of no avail without appropriate and sufficient allegation. *Merrill* v. *Washburn*, 83 Maine, 191.

> *Bill dismissed with one bill of costs,*
> *but without prejudice.*