ANDREW M. CHAPLIN

APPELLANT FROM DECREE OF JUDGE OF PROBATE.

Androscoggin.        Opinion, April 27, 1932.

*Ralph W. Crockett,* for appellant.
*Oakes & Farnum,* for appellees.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

DUNN, J.   This appeal to the Supreme Court of Probate, from the decree of the Judge of Probate in Androscoggin county, was referred by consent of the parties (the right of exception reserved) by a rule of court.

When the case was before the referee, counsel stipulated a waiver of any question of illegality in the reference.

Objections in writing to the acceptance of the report of the referee were seasonably made. Rules of Courts, 129 Me., 511. The objections were overruled, and the report accepted. Exceptions were filed and allowed.

Primary inquiry is whether the appeal was properly referable.

Although the reference was on consent, and though the action of the referee in sitting and deciding the appeal was on stipulation, exception that, in the first instance, there could not validly be an agreement to refer, nor afterward, to invest the referee with authority, may not be put aside. It goes to jurisdiction. This defect may be raised at any time. *Garcie* v. *Sheldon,* 3 Barb. (N. Y.), 232. Consent cannot confer jurisdiction where the law has not given it. *Dudley* v. *Mayhew,* 3 N. Y., 9; *Stoy* v. *Yost,* 12 Serg. & R. (Pa.), 385.

The power of the court regarding references is restricted by statute to cases pending in the Supreme Judicial or Superior court. R. S., Chap. 96, Sec. 94. The right of reference of probate appeals is certainly not expressly given to the Supreme Court of Probate, and that court cannot supply what the Legislature has totally omitted. Probate appeals are of statutory origin, and must be conducted strictly according to the statute.

Nor was the waiver of irregularity in the reference the inception of a proceeding *de novo*. To be sure, parties personally, or by attorney, may submit controversies to referees. But the statute limits such submissions to disputes or disagreements which may be the subject of personal action. R. S., Chap. 122, Sec. 1.

*Exception sustained.*