PHILIP C. HOYT ET AL.

*vs.*

HAROLD H. HUBBARD ET AL.

York. Opinion June 24, 1944.

*Robert H. Doe*, Franklin, Massachusetts, for the plaintiffs.

*Wesley, M. Mewer*, for the defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MANSER, J. This is an equity action which comes forward on report. The facts and circumstances shown in the record by admissions, stipulations, or evidence, may be summarized as follows:

Nettie L. Chase died in Miami, Florida, on May 8, 1938. Her will, dated November 20, 1937, was probated in Dade County, Florida, December 17, 1938. Included therein are specific bequests and one specific devise. Personal property, constituting two of the bequests, has been turned over to the legatees. The other, the gift of an automobile, appears to have become inoperative. The devise was also anticipated by a deed to the beneficiary during the lifetime of the testatrix. The plaintiffs, Philip C. Hoyt and Ethel L. Springer, are the residuary legatees under the will. The defendants are the executors and three persons who acted for them as counsel. From an inventory and appraisal filed in July 1939, it appears that the personal property in Florida consisted of the items specifically bequeathed and other property valued

at $55. The bulk of the estate of the testatrix consisted of a note secured by mortgage on real estate in Maine and two separate parcels of real estate including buildings located at Old Orchard, Maine. Wesley M. Mewer, as attorney, collected the mortgage note and remitted the net proceeds of $2,871.31 direct to the executors in Florida.

The sole probate account by the executors in Florida filed in 1942 shows as assets only the proceeds of the mortgage note, and that appears simply as an item of cash on deposit in a designated Miami bank.

At some time, the date of which is not definitely fixed, an authenticated copy of the will and probate thereof was filed in the Probate Court for York County, but no other proceedings were then instituted for ancillary administration. In 1940, on petition of the plaintiffs, an ancillary administrator was appointed in York County. He filed a petition for license to sell real estate to pay debts. The debts listed included only real estate tax liens, fire insurance premiums and inheritance taxes. Funds, taken from the proceeds of the mortgage notes, were forwarded by the executors to pay these debts, and the ancillary administrator filed his first and final account showing the receipt and distribution of the sum, which account was allowed.

The executors, acting without appointment or authority granted by the Probate Court in Maine, have conveyed one parcel of real estate in Maine for $2,200. After the deduction of expenses, unpaid taxes, etc., a balance of $1,808.20 was deposited in the Saco and Biddeford Savings Institution. The attorneys for the executors in Florida have received, with the approval of the Probate Court, $600 for services, and Mr. Mewer has received $500, which was taken from the sum deposited in the Saco Bank.

It further appears that, at the time of the death of the testatrix, there were outstanding notes, given a comparatively short time prior thereto, aggregating $2,810.80. One

creditor, holding a note for $500, has been paid. Another has filed a claim in the Florida Court for $1,582.80 with interest. The other two claims, one of $228 to Harold H. Hubbard, an executor, and the other to Barton D. Hubbard for $500 have not been filed and no proceedings have been taken thereon.

The plaintiffs, claiming title to the remaining parcel of real estate in Maine as residuary legatees, have undertaken to convey the same by deed.

The executors assert their right and intention to pay the notes still outstanding, and it appears to be their position that after this is done and they and their attorneys have been compensated in full for their own services and expenses, there will be no residue for distribution.

The plaintiffs seek relief in this proceeding by including in the prayers of the bill requests that the Court, in effect, determine that all claims against the estate have been barred by the special statute of limitation both in Maine and in Florida; that the executors be ordered to file a final account in the Florida Court and make distribution of the estate; that the executors shall file an account with this Court as to property in Maine; that the executors be ordered to convey the remaining real estate to the grantee named in the conveyance already executed by the plaintiffs.

The plaintiffs contend that the equity court has authority to grant this relief because all the defendants have appeared and answered, have raised no objection as to jurisdiction but have joined the issues presented on their merits. A further claim is that practically all the remaining assets are in Maine, either in the form of cash or real estate.

The fact that the defendants, three of whom are nonresident, have submitted to the jurisdiction, does not endow the equity court with power to grant relief unless it also has jurisdiction of the subject matter.

It is obvious that all the causes of complaint have to do

with the administration of the estate of Nettie L. Chase, both in Florida and in Maine. In this state the judge of probate has jurisdiction of all matters relating to the settlement of the estates of deceased persons who, at the time of their death, were inhabitants or residents of his county, or who, not being residents of the state, died leaving estate to be administered therein. R. S. 1930, c. 75, 89. Likewise, it appears from the record that the County Judge of Dade County has similar jurisdiction in the domiciliary state. The plaintiffs have presented none of the matters as to which relief is now asked to the court or courts specially clothed with authority for the purpose. The present proceeding was not initiated in the Probate Court or brought therefrom by appeal. Neither can it be contended that the issues here presented come within the provisions of R. S. 1930, c. 91, §36, Par. X, which give to the equity court original jurisdiction to determine the construction of wills and the mode of executing trusts.

The legislature did not create a separate tribunal for the particular matters here under consideration, and carefully specify its procedure unless it intended it to have exclusive jurisdiction over the subject matter in the first instance. There is no reason why the equity court of Maine, though now possessing full chancery powers, should exercise concurrent jurisdiction with courts of probate upon matters specifically embraced within their authority.

See Whitehouse Equity Practice, single volume edition, §35, and the same author in his amplified edition, Vol. 1, §218.

So in *Hawes v. Williams*, 92 Me., 483, 43 A., 101, 104, the plaintiff brought a bill in equity as administrator d. b. n. of the widow of the deceased to collect her share from the heirs who had received the money and the court said:

"His remedy is in the probate court, where such matters are heard and determined. He sues for a distributive

share of an estate. Such action does not lie before the amount to be distributed has been ascertained in the probate court."

In *Graffam* v. *Ray*, 91 Me., 234, 39 A., 569, the Court said:

"The Probate Court has exclusive jurisdiction, subject to appeal to the Supreme Court of Probate, of the estates of decedents, and their final settlement and distribution, including the settlement of the accounts of the personal representative. . . . The Probate Court is invested with ample power in these respects."

Again, in *Loggie* v. *Chandler*, 95 Me., 220 at 226, 49 A., 1059 at page 1061, we find the rule stated:

"It is also a general rule of law and equity that when the legislature has created rights, and prescribed the mode of exercising them and afforded ample remedies, not equitable, for their breach those modes and remedies are exclusive of any remedy in equity."

It is noted that no objection, by demurrer or otherwise, was raised by the defendants to the question of jurisdiction, but as held in *Loggie v. Chandler*, supra, though a cause in equity has been heard upon the bill, answer and evidence, and reported to the Law Court without any demurrer filed, yet if the court finds the allegations in the bill insufficient to grant the relief prayed for, it may *suo moto* dismiss the bill for that reason.

The entry must be

*Bill dismissed.*