LAINA M. BRYANT, PETITIONER

*vs.*

THEODORE A. BRYANT, RESPONDENT

Kennebec. Opinion, November 3, 1953.

*Louis Scolnick,* for Plaintiff.

*McLean, Southard & Hunt,* for Defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, JJ. MURRAY, A. R. J.

MURRAY, A. R. J. This case is here on exceptions. It is a petition for a new trial as to a divorce according to R. S., 1944, Chapter 153, Section 65. The petition is headed as follows:

STATE OF MAINE

KENNEBEC, SS.                    SUPERIOR COURT

APRIL TERM
1 9 5 3

It was entered in vacation prior to the return day of the April Term. A justice in vacation ordered service. According to the petitioner, the order was returnable to the court. According to the respondent, it was returnable to a justice in vacation. We shall refer to this matter later.

At the April Term the respondent appeared specially to deny the jurisdiction of the court. He filed a motion to dismiss the petition for the reason that the order of service thereon was returnable to a justice in vacation. It was returnable on the 7th day of April, 1953 on which day the April Term convened, and while the term is in session, it

has exclusive jurisdiction over all actions and petitions for Kennebec County. At the term the court heard the motion and dismissed the petition. To which ruling the petitioner excepted.

The respondent attacks the adequacy of the exceptions. He contends in substance that the bill on its face does not show enough to comply with R. S., 1944, Chapter 94, Section 14. With this contention the court does not agree. "When a ruling complained of is on its face a ruling of law, as distinguished from a finding of fact or from a mixed finding of fact and ruling of law, a recital of the ruling and a statement of sufficient facts in the bill of exceptions to show that the exceptant is aggrieved thereby and that he excepts thereto is sufficient." *Clapperton* v. *U. S. Fidelity and Guaranty Co.*, 148 Me. 257, 265, 93 Atl. (2nd) 336, 340.

The bill in this case shows the ruling to be one of law and contains a statement of sufficient facts to show that the exceptant is aggrieved thereby. The bill of exceptions is properly before this court.

According to the respondent's brief, "the second issue is whether a process directed to a Justice of our Superior Court, in chambers, and made returnable on the same day and hour that the April, 1953, term of the Kennebec County Superior Court convened is legally before said court so as to give the justice presiding over said court (April term of Court) jurisdiction."

It is very plain from respondent's brief that the process to which he refers and attacks, is not the petition but is the order issued by the justice in vacation. Under our theory of the case, it is not necessary to decide as to the validity of the order.

The petition was in the April Term, 1953, Superior Court, Kennebec, SS, which court had jurisdiction of the subject matter. The respondent filed in that court a motion to dis-

miss the petition for want of jurisdiction of the person of the respondent, on account of a void order of service, but within his motion, in addition to jurisdictional matters concerning the order of notice, he set forth facts not apparent upon the face of the petition or of the order as affording other grounds for the dismissal of the petition. These other grounds in no way related to jurisdiction over the person of the respondent. If tenable they would have been available to a respondent over whom the court had jurisdiction. He thereby gave the court jurisdiction of the respondent, if it did not have it before. "But where the court has jurisdiction of the subject matter and from any irregularity of summons or notice, it has not obtained jurisdiction over a party to the controversy, he may waive the objection by appearing and taking any other part in the proceedings then making objection thereto." *West Cove Grain Company* v. *James A. Bartley et al.*, 105 Me. 293.

We hold in this case that at the time of the ruling by the court, it had jurisdiction of the subject matter and of the parties.

*Exceptions sustained.*