**Lawrence A. POULIN**

v.

**Gisele G. POULIN.**

Supreme Judicial Court of Maine.

May 7, 1968.

Jerome G. Daviau, Waterville, for plaintiff.

Albert L. Bernier, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, WEATHERBEE, JJ.

WEBBER, Justice.

On appeal. Plaintiff brought his complaint for divorce in the Superior Court in Kennebec County. The complaint on its face disclosed that plaintiff was then a Canadian resident and that defendant wife was also a resident of Canada. The com-

plaint recited that the parties were married in Lewiston and cohabited in this state after their marriage. Defendant filed a motion to dismiss the complaint under M.R.C.P., Rule 12(b) for lack of jurisdiction. Hearing was held on the motion at which the defendant, the sole witness, gave testimony with respect to the jurisdictional facts. This evidence confirmed what we take to be the undisputed fact that the parties did not reside in Maine in April, 1967 when the complaint was instituted, nor had they resided here since 1957 when they moved to Canada. The Justice below dismissed the complaint for lack of jurisdiction.

■ 19 M.R.S.A., Sec. 691 provides in part: "A divorce from the bonds of matrimony may be decreed in the county where either party resides at the commencement of proceedings, * * *." The issue is whether or not the residence requirement relates to jurisdiction as well as venue. We had occasion to discuss the precise issue in an extended dictum in the very recent case of Belanger v. Belanger, (Me. 1968) 240 A.2d 743. (Opinion certified April 18, 1968). Belanger was decided, however, on a technical procedural point not involved here. We there unequivocally suggested and now hold that the Court is without jurisdiction to entertain a divorce proceeding unless at least one of the parties is a resident of Maine when the complaint is brought. The reasons for our holding are fully set forth in Belanger and need not be further elaborated here.

■ Appellant suggests that by participating in proceedings before the Court personally and by counsel, jurisdiction was somehow thereby conferred upon the Court. This contention overlooks the fact that we are not here dealing merely with jurisdiction over the person of the defendant. What is involved is jurisdiction of the subject matter which as we have noted depends upon satisfaction of the residence requirement. Jurisdiction over the subject matter cannot be acquired by consent. In addition it must be noted that M.R.C.P., Rule 12(h) as amended provides: "(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ We think the plaintiff confuses jurisdiction of the subject matter with jurisdiction over the party. But even where the issue is jurisdiction over the person there is no waiver of the defense by appearing and participating in proceedings relating to the affirmative defense. Field and McKusick, Maine Civil Practice, Comment 12.2 at page 161 states: "The rule does not refer to either a general or special appearance. There is no need to appear specially in order to make a jurisdictional objection without submitting to the jurisdiction of the court. The emphasis is not on the nature of the appearance but rather on the nature of the defense or objection raised. And no defense or objection is waived by joining it with any other defense or objection. Hence a party can appear and simultaneously move to dismiss on grounds of lack of jurisdiction or improper venue and answer to the merits of the complaint. This changes Maine law." Cf. Bryant v. Bryant, (1953) 149 Me. 276, 100 A.2d 663.

Appeal denied.

MARDEN, J., sat at argument but did not participate in the decision.

DUFRESNE, J., did not sit.