**CASCO BANK & TRUST COMPANY et al.**

v.

**Ernest H. JOHNSON.**

Supreme Judicial Court of Maine.

May 7, 1970.

Sumner T. Bernstein, and Gregory A. Tselikis, Portland, for plaintiffs.

James M. Cohen, and Wendell R. Davidson, Asst. Attys. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

POMEROY, Justice.

On May 15, 1967, Israel Bernstein, late of Portland, Maine, made a written charitable pledge to the Jewish Federation of Portland, Maine. On June 26, 1967, he died. The pledge of May 15th was then unpaid.

To quote from the complaint,

"Being aware of the established custom and tradition of the late Israel Bernstein to honor and pay all such pledges, the Executors of the Estate of Israel Bernstein honored said charitable pledge and paid the said sum to the Jewish Federation of Portland, Maine."

The State Tax Assessor who is charged with the administration of the Inheritance

Tax Law (36 M.R.S.A. 3521), refused to allow a deduction for the amount so paid and has included that amount as part of the net taxable assets of the Estate in determining the inheritance tax liability of the beneficiaries of the Estate.

The Executors and the State Tax Assessor, acting pursuant to Rule 8(g) M.R. Civ.P., filed this complaint for a Declaratory Judgment in the Superior Court (14 M.R.S.A. 5956). The matter is reported to us by that Court for determination of the issues on an Agreed Statement of Facts.

The Declaratory Judgments Act, 14 M.R. S.A. 5951 et seq., declares among other things that:

"Courts of record *within their respective jurisdictions* shall have power to declare rights, status and other legal relief whether or not further relief is or could be claimed." (Emphasis supplied).

■ In Maine Broadcasting Co., Inc. v. Eastern Trust & Banking Company, 142 Me. 220, 49 A.2d 224, the first case to be brought before this Court under the Uniform Declaratory Judgments Act, it was made clear the purpose of the statute is not to enlarge the jurisdiction of the Courts in which it is applicable, but to provide a more adequate and flexible remedy in cases where jurisdiction already exists.

See also: Weyerhaeuser Co. v. International Broth. of Pulp, Sulphite and Paper Mill Workers, 190 F.Supp. 196 (D.C.Me.)

As in every case, the threshold question becomes, did the Court in which the proceeding before us originated, have jurisdiction?

■ 36 M.R.S.A. 3523 and 3801 describe the procedure to be followed in challenging the State Tax Assessor's valuation of property for inheritance tax purposes and for seeking abatement and refund. Original jurisdiction of the subject matter of the controversy in both instances is vested in the Probate Court.

■ There is no provision of the law giving the Superior Court original jurisdiction to entertain this petition.

In Hoyt v. Hubbard, 141 Me. 1, 38 A.2d 135, an equity action had been brought in the Superior Court concerning the administration of an estate. The case was reported to the Supreme Judicial Court, sitting as the Law Court, for decision. Mr. Justice Manser speaking for the Court said:

"The fact that the defendants, three of whom are nonresident, have submitted to the jurisdiction, does not endow the equity court with power to grant relief unless it also has jurisdiction of the subject matter.

"It is obvious that all the causes of complaint have to do with the administration of the estate of Nettie L. Chase, both in Florida and in Maine. In this state the judge of probate has jurisdiction of all matters relating to the settlement of the estates of deceased persons who, at the time of their death, were inhabitants or residents of his county, or who, not being residents of the state, died leaving estate to be administered therein. R.S.1930, c. 75, § 9. Likewise, it appears from the record that the County Judge of Dade County has similar jurisdiction in the domiciliary state. The plaintiffs have presented none of the matters as to which relief is now asked to the court or courts specifically clothed with authority for the purpose. The present proceeding was not initiated in the Probate Court or brought therefrom by appeal. Neither can it be contended that the issues here presented come within the provisions of R.S.1930, c. 91, § 36, Par. X, which give to the equity court original jurisdiction to determine the construction of wills and the mode of executing trusts.

"The legislature did not create a separate tribunal for the particular matters here under consideration, and carefully specify its procedure unless it in-

tended it to have exclusive jurisdiction over the subject matter in the first instance. There is no reason why the equity court of Maine, though now possessing full chancery powers, should exercise concurrent jurisdiction with courts of probate upon matters specifically embraced within their authority"

Again, in Petition of Kimball, 142 Me. 182, 49 A.2d 70, the Court said:

"That a petition for annulment addressed to the Supreme Court of Probate is not a proper remedy, assuming an error, is apparent. That Court has no original jurisdiction. R.S.1944, Chap. 140, Sec. 32, provides that the: 'superior court is the supreme court of probate, and has appellate jurisdiction in all matters determinable by the several judges of probate.'

"It has an appellate jurisdiction and nothing more. This has been noted in decisions over a long period of years."

■ Since the Superior Court lacked original jurisdiction of the subject matter, its report of the case to this Court for determination was a legal nullity.

■ Consent of the parties cannot confer jurisdiction where the law has not given it. Appeal of Chaplin, 131 Me. 187, 160 A. 27; Poulin v. Poulin (Me.), 241 A.2d 611.

The entry must be,

Report discharged.