NOAH WOLCOTT *vs.* HILAS O. WOLCOTT & others.

Hampden.   Sept. 23. — Oct. 23, 1885.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

A decree of the Probate Court, duly passed, approving and allowing a will, cannot be revoked and annulled for fraud, by this court sitting in equity.

BILL IN EQUITY, filed March 8, 1882, alleging that the plaintiff was a son and one of the heirs at law of Allen Wolcott, who died on February 18, 1865, possessed of goods and estate, leaving a widow, who has since died, and, as his only heirs at law and next of kin, certain persons named, including the plaintiff and the first-named defendant; that the Probate Court for the county of Hampden, on April 15, 1865, decreed that a certain instrument in writing, by which said Allen Wolcott devised all his property to the defendant Hilas O. Wolcott, be approved and allowed as the last will and testament of said Allen Wolcott, and that letters of administration, with the will annexed, be issued to said Hilas O. Wolcott; that from said decree an appeal was duly taken to this court; that, at April term, 1866, of this court, said decree of the Probate Court was affirmed, and the case was remitted to that court for further proceedings; that thereupon Hilas O. Wolcott qualified as administrator, and, by the provisions of said will, became seised and possessed of all the property, real and personal, of said Allen Wolcott; and that said written instrument, so approved and allowed, was not the

last will and testament of said Allen Wolcott, but was a contrivance and forgery, fraudulently procured by said Hilas O. Wolcott for his own gain and to the prejudice and injury of the heirs at law of said Allen Wolcott.

The prayer of the bill was that said decree of the Probate Court might be revoked and annulled; and for further relief.

The defendants demurred to the bill, assigning, among other grounds of demurrer, want of equity. At the hearing, the demurrer was sustained; and the plaintiff appealed to the full court.

*P. H. Casey*, for the plaintiff.

*E. H. Lathrop*, for the defendants.

MORTON, C. J. A decree of the Probate Court, admitting to probate a will, is final and conclusive upon all the world until revoked by the court by which it was passed. It is in the nature of a judgment *in rem*. It cannot be reversed by writ of error or certiorari, and it cannot be set aside in equity for fraud. *Waters* v. *Stickney*, 12 Allen, 1, and cases cited.

This court, sitting as a court of equity, has no jurisdiction to revoke and annul a decree of the Probate Court, duly passed, approving and allowing a will. *Bill dismissed.*