*R. Lund & C. H. Welch*, for the plaintiffs.

---

PAULINE T. GALE & others *vs.* SETH NICKERSON, JR., & another, executors.

Barnstable. Jan. 26. — May 9, 1887. C. ALLEN & HOLMES, JJ., absent.

A petition to revise a decree of the Probate Court, allowing a will, which decree has been affirmed, upon appeal, by this court, must be heard in the first instance in the Probate Court.

If a petition to the Probate Court, to reopen a decree made by that court and affirmed by this court, is wrongly dismissed for want of jurisdiction, this court will affirm the decree, if, for any reason, the petition ought to be dismissed.

A petition to revise a decree of the Probate Court, allowing a will, filed after an unexplained delay of sixteen years, seeking to re-open only matters which were open and tried in the Probate Court before the decree allowing the will, and all of which were raised in the reasons for appealing from the decree filed in this court, which affirmed the decree, and not alleging that there is any newly discovered evidence upon the issues which it seeks to retry, is rightly dismissed.

MORTON, C. J. This is a petition to the Probate Court to revise and reverse a decree approving and allowing the will of John Nickerson. It is in its nature an application for a rehearing and new trial of the question of the probate of the will. The will was duly presented for probate, and was proved and allowed by the Probate Court in July, 1869. An appeal was taken, and in November, 1869, by consent of all parties, the decree of the Probate Court was affirmed by this court, and the case remitted to the Probate Court for further proceedings.

Our statutes make no provision for a new trial, or review, in case of a decree allowing a will. *Pope* v. *Pope*, 4 Pick. 129. But we think there is an inherent power in probate courts, in

cases where justice clearly requires it, to revise such a decree. Thus, if, after a will is proved, a later will or codicil is discovered, or if there is newly discovered evidence proving that the will is forged, the court may reopen the case and reverse the decree. This subject is fully discussed in *Waters* v. *Stickney*, 12 Allen, 1. But a decree allowing a will and appointing an executor is peculiar; it is in the nature of a judgment *in rem;* it vests the personal property of the testator in the executor, and it is his duty to proceed at once to execute the will. The whole policy of our law looks to the speedy settlement of estates, and applications for a new trial cannot be entertained, unless the applicant makes a strong case both of error and injustice in the decree, and of diligence on his part.

In the case before us, the petition seems to have been dismissed by the Probate Court, upon the ground that it had no jurisdiction of such a petition. This point is not essential to the decision of the case, but as it has been argued by counsel, and as it presents an interesting question of practice, we have considered it.

Under our system, the relations between the county courts of probate and this court sitting as the Supreme Court of Probate are peculiar. The Supreme Court has no original jurisdiction of probate matters. A right of appeal to this court exists from any order or decree of the Probate Court. Upon such appeal, the whole matter involved in the order or decree, both of law and fact, is heard and tried in this court, and the court may affirm or reverse the decree below, or may make such order and decree as the Probate Court ought to have made. The statutes provide that, after an appeal is taken, all proceedings in pursuance of the decree or order appealed from shall " be stayed until the determination of the Supreme Court of Probate is had; but if on such appeal such decree or order is affirmed, it shall thereafter be of full force and validity." Pub. Sts. *c.* 156, § 12.

Speaking exactly, it is not correct to say that an order or decree is vacated by an appeal; it is suspended, but, upon being affirmed by the Supreme Court, it takes effect and operates as a decree of the Probate Court, and any intermediate action which may have been had under the decree is valid. *Dunham* v. *Dunham*, 16 Gray, 577. It is to be borne in mind, that an appeal

does not remove the cause to this court, but only the question of the validity and propriety of the decree appealed from. The Probate Court still retains jurisdiction over the cause and the parties.

It is therefore not like the cases where the effect of an appeal is to remove the case to the appellate court, as in appeals from municipal, police, or district courts to the Superior Court, or, under the old practice, from the Court of Common Pleas to the Supreme Judicial Court. In such cases it is clear that the inferior court cannot entertain any motion, or take any action in the case, because the whole case is taken out of its jurisdiction. On the other hand, in the modern practice, the case is not removed from the Superior Court to this court by an appeal, or by exceptions, or by report, but only the questions of law the decision on which is objected to. The case remains in the Superior Court, and is open to a motion in that court to arrest judgment, to grant a new trial, or to allow amendments, although the rescript of the Supreme Judicial Court has directed judgment for the plaintiff or for the defendant. *Terry* v. *Brightman,* 133 Mass. 536, and cases cited.

A probate appeal lies between these two classes of cases. It does not bring the cause to the Supreme Court of Probate; that remains within the jurisdiction of the Probate Court; it does more than to bring here the question of law ruled on by the Probate Court; it brings the whole question, including both law and fact, whether the decree appealed from is invalid for any of the reasons of appeal assigned by the appellant. We think it more nearly resembles an appeal under our present practice from the Superior Court to the Supreme Judicial Court, though more extensive in its scope; and, upon the whole, we are of opinion that it is more in harmony with our system, and more convenient in practice, that a motion for a new trial or rehearing of a decree of the Probate Court, affirmed by the Supreme Court of Probate, should be heard in the first instance in the Probate Court.

Such a practice prevails in regard to reopening and revising accounts of executors, administrators, trustees, or guardians. Under our system the Probate Court has the jurisdiction and power to reopen an account, even to the extent of rehearing and

revising a matter in dispute, which has been previously heard and determined by the Probate Court, and, upon appeal, by this court. Pub. Sts. *c.* 144, § 9. *Blake* v. *Pegram,* 101 Mass. 592; and 109 Mass. 541. *Wiggin* v. *Swett,* 6 Met. 194.

We are aware that the general current of the authorities, though there is some conflict, is that an inferior court cannot review or revise a decree of a superior court, which is sent down to the inferior court to be executed, without leave being first given by the appellate court. *Southard* v. *Russell,* 16 How. 547. *United States* v. *Knight,* 1 Black, 488. *Durant* v. *Essex Co.* 101 U. S. 555. *Clayton* v. *Wardell,* 2 Bradf. 1. *Stafford* v. *Bryan,* 2 Paige, 45. *Lyon* v. *Merritt,* 6 Paige, 473. *Utica Ins. Co.* v. *Lynch,* 2 Barb. Ch. 573. *Ryerson* v. *Eldred,* 18 Mich. 490. *Jewett* v. *Dringer,* 4 Stew. (N. J.) 586. *Singleton* v. *Singleton,* 8 B. Mon. 340. *Bush* v. *Madeira,* 14 B. Mon. 212.

We are largely influenced in our decision by the peculiar features of our system. The argument, that to allow an inferior court to review or revise a judgment or decree of a superior court is to disregard the due subordination of the lower court to the higher, is, under our system, sentimental rather than of practical importance. By entertaining a motion for a new trial, the Probate Court does not overrule the decision of this court; it decides that, by reason of newly discovered evidence, a new case is made out, which this court has never passed upon. It will be a more convenient practice that such motions should be first heard in the Probate Court. There is a full guaranty against any danger, not only in the high character of that court, but in the fact that any decree granting a new trial may be brought to this court for revision by an appeal, which will suspend the operation of the decree until the determination of this court is had; so that, in fact, no new trial can be had, the effect of which is to reverse a decree of this court, without leave of this court, if either party chooses to appeal to it.

As we have before said, the appeal from the decree of the judge of probate brings to this court the whole question of the validity and propriety of the decree. If, for any reason, the petition ought to be dismissed, the decree of the Probate Court must be affirmed, although the judge may have assigned unsound

reasons for the dismissal. The whole question is tried here *de novo.*

Upon examining the petition, it is clear that it does not set out a case which entitles the petitioners to reopen the probate of the will. Stripped of its tautology, it assigns, as the only reasons for a new trial or rehearing, that the petitioners are informed and believe that said will of John Nickerson " was not in law his last will and testament, and that he never, in his own clear and unclouded mind and sound judgment, executed a will in writing of the kind filed in the said probate office ; . . . that the said alleged will was and is a false and fraudulent one, and the signature thereto is not the signature of the said John Nickerson, but is a forgery, as will appear on inspection of the paper itself, and on comparison with the genuine signature of the said John Nickerson, deceased ; that there are several alterations in the said alleged will made at times subsequent to the alleged date thereof, which, upon the face of the will itself, show material and substantial alterations sufficient of themselves to render the said will invalid." The petition, in several other places, loosely speaks of the will, the executors, and the proceedings at the probate as " false and fraudulent " ; but it nowhere specifies any fraud practised upon the court or the parties interested. It nowhere alleges that there is any newly discovered evidence upon the issues which it seeks to retry. All these issues were open and tried in the Probate Court before the decree allowing the will, and they are all raised in the reasons for appealing from this decree, filed in this court. The very matters now sought to be reopened were tried and determined then. The petitioners or their ancestor then had their day in court, and the full opportunity to try these questions. It would be an absurdity to hold that, after a delay of sixteen years, entirely unexplained, they are entitled to a new trial upon the bare allegation that the issues then tried were not rightly decided, which is all that the averments of the petition amount to.

*Petition dismissed.*

*H. D. Hadlock,* (of Maine,) for the petitioners.

*R. M. Morse, Jr.,* (*W. F. Griffin* with him,) for the respondents.