LUCRETIA COOLIDGE *vs.* GILBERT ALLEN.

Franklin. Opinion June 5, 1889.

*Guardian. Inquisition. Void appointment. R. S , c. 67, § 6.*

</div>

When an appointment of a guardian of a person is made on the ground of insanity, but without an inquisition by the municipal officers, as required by R. S., c. 67, § 6, and notice to the person, the appointment will be void.

Although the supposed guardian must account for the whole amount received by him, from or in behalf of the supposed ward, there being no suggestion of any want of integrity or fidelity, and no objection upon the ground of illegality of the appointment to his acting as guardian. until nearly the time of this action to recover the property, it was, *Held,* that the amount

turned over to a guardian subsequently appointed, as well as that paid to the supposed ward, or for his benefit at his request, or with his consent express or implied, must be deemed accounted for, and deducted from the amount received.

REPORT, on facts agreed.

This was an action of assumpsit, commenced after due demand September 9, 1887, to recover from the defendant property which he had received of the plaintiff, whom he then claimed to be his ward. The writ contained a count upon an account annexed of $3,094.50. The defendant was appointed guardian of the plaintiff at the December term 1881, of the probate court, Franklin county, under proceedings proved to be void, in the following opinion, for want of an inquisition by the municipal officers and notice to the plaintiff. After ineffectual application to the probate court to be relieved of the guardianship, plaintiff applied to have the appointment revoked on the ground of its nullity. This petition is still pending in the probate court.

At the October term, 1887, Horace B. Prescott was appointed guardian, the validity of whose appointment does not seem to be contested. At the following December term, the defendant settled his second and final account, and turned over to said Prescott $1,734.74 being the amount then in his hands.

If the action could be maintained, the damages are to be assessed at *nisi prius;* otherwise the plaintiff to become nonsuit.

*E. O. Greenleaf,* for plaintiff.

Appointment of a guardian, without inquisition and notice, a nullity. *Holman* v. *Holman,* 80 Maine, 139; *Conkey* v. *Kingman,* 24 Pick. 115. No jurisdiction, statute not being complied with, appointment is void. *Griffith* v. *Frazier,* 8 Cranch, 9; *Sherman* v. *Ballou,* 8 Cowan, 305; *Devlin* v. *Com.,* 101 Pa. St. 273, S. C. 47 Am. Rep., 710.

*H. L. Whitcomb,* for defendant.

Judgment of probate court can not be collaterally attacked; decisions on matters within its jurisdiction are conclusive until reversed. *Roach* v. *Martin's Lessee,* 1 Harr. 548, S. C. 27 Am. Dec. 746; *Bailey* v. *Dilworth,* 10 S. & M. 404, S. C. 48 Am.

Dec. 760; *Merrill* v. *Harris,* 26 N. H. 142, S. C. 57 Am. Dec. 359, note p. 364; *Griffith* v. *Frazier,* 8 Cranch, 9, 23.

Guardian's authority can not be questioned collaterally, where his character has been recognized by probate court, for acts in due course of his guardianship. *Dancy* v. *Stricklinge,* 15 Tex. 557, S. C. 65 Am. Dec. 179, note p. 185. All reasonable presumptions indulged in favor of probate courts. *Dancy* v. *Stricklinge, supra,* and cases cited; *Kimball* v. *Fisk,* 39 N. H. 110, S. C. 75 Am. Dec. 213, and note. Appointment not void for erroneous proceedings, court having jurisdiction of subject matter. Cases last cited. Want of notice renders proceedings voidable, but not void. *Kimball* v. *Fisk, supra ; Griffith* v. *Frazier, supra.*

Before action can be maintained, decree of appointment must be reversed.

DANFORTH, J. It is undoubtedly true that a judgment of the probate court upon matters within its jurisdiction is conclusive, until it is reversed. But it is equally true that jurisdiction of the subject matter only, is not sufficient. The preliminary requisites, and the course of proceedings prescribed by law, must be complied with or jurisdiction does not attach, and the judgment will be, not voidable merely, but void and may be avoided by plea and proof. This principle is so clearly stated and fully illustrated by Shaw, C. J., in *Peters* v. *Peters,* 8 Cush. 529, 543, and cases there cited, that further discussion of it is not necessary.

In cases like the one at bar, R. S., c. 67, § 6, requires, as a preliminary to the appointment of a guardian, that there shall be an inquisition by the municipal officers of the town where the person for whom a guardian is asked for, resides, "into the allegations made in the applications." Without this, and previous notice to the subject of the application, the court can not proceed, *Holman* v. *Holman,* 80 Maine, 139. No such requisition was had in this case and the necessary result is that the appointment was without authority and void.

But though the appointment was void and as such does not afford protection to the defendant, it is not without its influence. There is no suggestion of any want of integrity or fidelity on the part of the defendant. The plaintiff, so far as appears, recognized

him as guardian and made no objection to his acting as such on the ground of any illegality in his appointment, until April 16, 1887. Under these circumstances, though the defendant must account for the whole amount received by him from, or in behalf of the plaintiff, yet the amount turned over to the guardian subsequently appointed, as well as that paid to her, or for her benefit at her request, or with her consent express or implied, must be deemed accounted for, and deducted from the amount received. For the balance, if any, the plaintiff will be entitled to recover.

*Damages assessed at nisi prius.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.