KEMP v. NICKERSON et al.

(Circuit Court, D. Massachusetts. March 20, 1895.)

No. 344.

LACHES—STALE CLAIM.

K., an heir at law of one N., more than 23 years after the death of N. and the probate of his will, filed a bill against N.'s executors and trustees, alleging that under the will such executors and trustees had no exclusive property in or control over certain assets of the testator, and seeking distribution thereof as intestate estate. The bill gave no reason for the delay, and charged no imposition or fraud. *Held*, on demurrer, that the suit was barred by plaintiff's laches.

This was a suit by Phoebe D. Kemp against Seth Nickerson, Jr., and others, executors of John Nickerson, deceased, to obtain distribution of a part of the estate of the decedent. Heard on demurrer to the bill.

Harvey D. Hadlock, for complainant.

Robert M. Morse, for defendants.

COLT, Circuit Judge. This case was heard on demurrer to the bill. It appears from the bill that the plaintiff is an heir at law of John Nickerson, who died in 1869, leaving an estate estimated at $150,000; that an instrument purporting to be his last will and testament was approved and allowed by the probate court held at Barnstable in the commonwealth of Massachusetts; that the defendants were appointed executors and trustees under the will, and took upon themselves the duties thereof. The bill further alleges on information and belief that said instrument was prepared and signed when the said testator was in extremis. The bill further alleges that under the ninth clause of said instrument the defendants have no exclusive property in or control over the bank and railroad stocks coming into their hands as executors and trustees, and that the same should be distributed under the laws of Massachusetts as intestate estate. From the allegations in the bill it may be presumed that the will was probated in 1869, the year of the testator's death. This suit was not brought until 1893, or more than 23 years thereafter. There is no reason given in the bill why the plaintiff did not earlier institute suit, nor any excuse for her long delay; no impediment

on her part is alleged, or concealment in relation to the will or the probate thereof; nor is any imposition or fraud charged. One of the grounds of demurrer is the laches of the plaintiff in the prosecution of this claim. Without passing upon the other grounds of demurrer, I think this suit, under the well-settled rule governing stale claims, is barred by reason of the long unexplained delay and gross laches of the plaintiff. Broderick's Will, 21 Wall. 503; Marsh v. Whitmore, Id. 178; Badger v. Badger, 2 Wall. 87; Godden v. Kimmell, 99 U. S. 201; Brown v. County of Buena Vista, 95 U. S. 157; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610; Richards v. Mackall, 124 U. S. 183, 8 Sup. Ct. 437; Pearsall v. Smith, 149 U. S. 231, 13 Sup. Ct. 833; Metropolitan Bank v. St. Louis Dispatch Co., 149 U. S. 436, 13 Sup. Ct. 944; Harwood v. Railroad Co., 17 Wall. 78; Hammond v. Hopkins, 143 U. S. 224, 12 Sup. Ct. 418; Hume v. Beale's Executrix, 17 Wall. 336; Mackall v. Casilear, 137 U. S. 556, 11 Sup. Ct. 178; Stearns v. Page, 7 How. 818; Hanner v. Moulton, 136 U. S. 496, 11 Sup. Ct. 408; Bowman v. Wathen, 1 How. 189; Boon v. Chiles, 10 Pet. 177, 223; Bright v. Legerton, 29 Beav. 60; Gale v. Nickerson, 144 Mass. 415, 11 N. E. 714. Demurrer sustained; bill to be dismissed, with costs.