ANNIE J. CROCKER *vs.* GEORGE U. CROCKER & others.

Suffolk.    January 13, 1908. — April 9, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Supreme Judicial Court.    Probate Court.    Equity Jurisdiction.    Jurisdiction.*

The Supreme Judicial Court has no jurisdiction as a court of equity to deal with
statutory proceedings which are prescribed for the Probate Court.

The Supreme Judicial Court as a Probate Court of appellate jurisdiction has no
jurisdiction to hear and determine as an original matter a petition to revise a
decree which was made on an appeal from a decree of the Probate Court allow-
ing a will, and which reversed that decree, disallowed the will and directed
that the case be remanded to the Probate Court for further proceedings, where
it appears that the case has been so remanded and that the Probate Court has
acted in accordance with the decree sought to be revised.

*It seems,* that, where, after an appeal from a decree of the Probate Court allow-
ing a will has been taken to the Supreme Judicial Court where issues were
framed and tried by a jury, in accordance with whose verdict a decree was
entered reversing the decree of the Probate Court, disallowing the will and
directing that the case be remanded to the Probate Court for further action,
and after the case has been so remanded and the Probate Court has appointed
an administrator of the estate of the deceased person, it is discovered that the
verdict which was rendered by the jury in the Supreme Judicial Court was a
fraud upon the court, the proper course for the aggrieved party to pursue is to
file in the Probate Court a petition for a bill of review to review the proceedings
of that court made in accordance with the remanding decree.

PETITION, filed in the Supreme Judicial Court for the county
of Suffolk, "in equity," on March 29, 1907, for leave to file a
bill of review to review a decree of that court made on Septem-
ber 7, 1904, after the trial of issues, framed on an appeal by
the respondents herein for a decree of the Probate Court admit-
ting the will of Uriel H. Crocker to probate, and a verdict of
a jury that the will was procured to be made through fraud or
undue influence of the petitioner.    The decree sought to be
revised ordered that the decree of the Probate Court which was
appealed from "be reversed, the said will disallowed, and the
cause remanded to the Probate Court for further proceedings."
The allegations of the petition as amended are stated in the
opinion.

The respondents demurred.    There was a hearing before
*Loring,* J., who dismissed the petition and reported the case for

consideration by the full court. The facts are stated in the opinion.

The case was argued at the bar in January, 1908, before *Knowlton*, C. J., *Hammond, Loring, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*H. Parker,* (*H. H. Fuller* with him,) for the petitioner.

*W. D. Turner,* (*R. M. Morse* with him,) for the respondents.

KNOWLTON, C. J. This is a petition for leave to file a bill of review to set aside a decree of the Supreme Judicial Court sitting in its appellate character as the Supreme Court of Probate. The petition is addressed to the Supreme Judicial Court in equity. This form is not strictly accurate, for a court of equity has no jurisdiction to deal with statutory proceedings which are prescribed for the Probate Court. *Wolcott* v. *Wolcott,* 140 Mass. 194. *Waters* v. *Stickney,* 12 Allen, 1. But the practice of the Supreme Judicial Court in probate appeals follows the practice in equity so far as it is applicable. R. L. c. 162, § 15; c. 159, § 20. *Crocker* v. *Crocker,* 188 Mass. 16, 19.

The substance of the petition is more important than its form. The prayer is for leave to file a bill of review in a probate appeal. The case is reserved by a single justice upon the pleadings, which are a petition and an answer, with an amendment to the petition that embodies an important part of the facts set up in the answer, and an answer in demurrer to the petition as finally amended.

The case stated in the pleadings is that, on February 3, 1903, a decree was entered in the Probate Court, allowing a certain instrument as the last will and testament of Uriel H. Crocker, late of Boston, deceased, in which the petitioner was appointed executrix; that an appeal was taken from this decree and a trial was had before a jury upon issues framed for their consideration; that the jury disagreed; that afterward a second trial was had upon these issues before another jury which found the alleged will to have been procured by the fraud or undue influence of Annie J. Crocker, and that thereafter, in accordance with this verdict, and after different motions and hearings, a decree was entered reversing the decree of the Probate Court, and disallowing the will, and remanding the case to the Probate Court for further proceedings. Under this decree the case went back

to the Probate Court, and all persons interested in the estate, including the present petitioner, filed a request in writing to the judge of probate, that certain instruments presented to the court as the will and codicils of Uriel H. Crocker be disallowed, and that his estate be distributed as the estate of an intestate person. This agreement and request were the result of a compromise under which large sums were paid to the present petitioner for her right of dower or other rights in the real estate of which Uriel H. Crocker died seised, and for fees to her counsel, and otherwise for her benefit. Administrators were appointed, who proceeded to settle the estate and to distribute the assets among the widow and heirs, although they have filed no account of their administration in the Probate Court. These payments and disbursements to the petitioner and the respondents were made with the understanding that they should be reimbursed to the administrators in the event of the allowance of a will of said Uriel H. Crocker.

A year and a half after the entry of the final decree disallowing the will, a juror, who sat in the case and agreed to the verdict, was indicted for accepting a bribe to give his verdict in favor of the appellants and against the present petitioner and was subsequently convicted of the crime. Although some question is made by the counsel for the respondents in regard to the averment, we think that the petition should be treated as sufficiently charging that he was bribed to agree to this verdict. The subsequent request of the petitioner and others, that the estate be distributed as that of an intestate person, was signed and filed in ignorance of this bribery, and in the belief that the verdict was properly agreed to and rendered. The agreement of compromise was made in the same belief.

The petitioner offers to return and restore to the estate of Uriel H. Crocker all sums of money received by her from the administrators, or under the provisions of the agreement of compromise, in the event of the establishment of the will of Uriel H. Crocker heretofore offered for probate by her.

The counsel for the petitioner strongly disclaim any belief or suspicion that either of the respondents, or of their counsel, participated in the bribery, or had knowledge of it. Misconduct of a party to induce a jury to decide in his favor is dealt with

more strictly by the court in its refusal to allow one to retain the benefits of a verdict so obtained, than similar misconduct of a third party or of a juror, without the knowledge of either party. In this case the corruption which the petitioner offers to prove was such an outrage upon the administration of justice that, upon a motion to set aside the verdict, made while the case remained in the jurisdiction of this court, the judge would have been swift to nullify a finding into which such criminality entered. The punishment of the crime was for another tribunal, which has already imposed its sentence of imprisonment.

The question before us is whether the petitioner is seeking her remedy in the right way. She desires to file a bill of review in the Supreme Judicial Court.

It is important to consider, at the outset, the nature of the proceedings in which the wrong occurred. Primarily and in substance, it was a proceeding for the administration of the estate of a deceased person. The jurisdiction of the court includes administration in one of two ways: either by the appointment of an administrator and the distribution of the property as the estate of an intestate person, or by the allowance of a will and the execution of its provisions. A petition for the appointment of an administrator or for the probate of a will is an appeal to only one branch of the general jurisdiction of the Probate Court touching this subject. If the jurisdiction is exercised by the appointment of an administrator to deal with the estate as intestate property, and if a will is subsequently discovered, the same general jurisdiction will suffice for a revocation of the appointment and an allowance of the will. This is recognized by the statute prescribing the form of an administrator's bond, and by the practice of the courts. R. L. c. 149, § 1, cl. 5. The Probate Court has this jurisdiction as well when there has been an appeal from the decree upon a petition for the appointment of an administrator, and when the final appointment has been made under a decree from the Supreme Judicial Court, as when the appointment was by the Probate Court alone.

The general power of the Probate Court to deal with subjects like that now before us and to revoke its decrees for good cause was very fully considered in *Waters* v. *Stickney*, 12 Allen, 1. This power is analogous to that of courts of common law to

issue writs of review, and of courts of equity to entertain bills of review. It is to correct mistakes of fact or of law.

In *Gale* v. *Nickerson*, 144 Mass. 415, a will was proved in the Probate Court and an appeal was taken to the Supreme Judicial Court, and there the decree was affirmed, and the case was remitted to the Probate Court for further proceedings. Years afterwards a petition was filed in the Probate Court asking for a reversal of the decree. The petition came before the Supreme Judicial Court by appeal, and then before the full court, where the subject of jurisdiction was carefully considered. It was held that the Probate Court had jurisdiction of the petition, although that court was asked to revise a decision and reverse a decree of the Supreme Judicial Court, which was transmitted to the Probate Court as a foundation for further proceedings there. After deciding that the petition was rightly brought in the Probate Court, so far as the jurisdiction was concerned, this court considered the case on the merits, and examined the petition in detail, by which it appeared that the matters referred to in it were the same previously passed upon and adjudicated by the decree of the Supreme Judicial Court. The opinion ends with this sentence: "It would be an absurdity to hold that, after a delay of sixteen years entirely unexplained, they are entitled to a new trial upon the bare allegation that the issues then tried were not rightly decided, which is all that the averments of the petition amount to." If it had been averred and proved that the decree of the Supreme Judicial Court was erroneous by reason of a fraud practised upon the court, or for any other reason that would call for a revision of it, the Probate Court, under the authority of this case, might have made such a decision as law and justice required. That the reasons alleged for reviewing the case and revoking the decree involved facts that might call for a change of the decree entered by the Supreme Judicial Court was held not to prevent the Probate Court from considering these facts, and making such order upon the review as justice might demand.

In the present case the petitioner might well go into the Probate Court and state her grievance thus: She might say that the estate of her husband has been administered and distributed as intestate property under a decree appointing administrators,

resting in part upon an assent and request in writing of herself and the respondents in pursuance of an agreement of compromise, which assent, request and agreement were founded on the belief of all of them that the instrument which had been disallowed as the will of her husband had been finally denied probate upon a verdict properly agreed to and returned, without fraud or corruption of any person engaged in the trial, and without any defect that might make it invalid. She might further represent that one of the jurors was bribed, and that, so far as he was concerned, the verdict was a fraud upon the court, that it ought not to be permitted to stand, that the decree founded upon it ought not to remain in force, and that the decree appointing the administrators should be revoked and the will admitted to probate. The subject of her direct attack would be the decree appointing the administrators. In this respect the case is the same as if, after such an appointment, she had discovered a will of which no one had known before, or, after the probate of a will and the appointment of an executor, she had discovered a later will. In such a case she would appeal to the general jurisdiction of the court to examine the new facts and hear the new case brought to its attention, and if upon these new facts the former decree should be revoked, to revoke it and make such a decree as the new facts called for. It seems to us that there is no reason for doubt of the jurisdiction of the Probate Court to do this if a will is discovered after the appointment of an administrator, or if a later will is discovered after the probate of an earlier one. It seems to us that there can hardly be more doubt if the original appointment was made after an appeal to the Supreme Judicial Court and upon a decree of that court, than if it were made without appellate proceedings. Yet in each case the revocation would be a determination that the decree of the Supreme Judicial Court was erroneous, because it was made in ignorance of facts which the new petition brings to the attention of the Probate Court. In one sense it would be an impeachment of that decree by the subordinate court, but in a truer sense it would not be an impeachment of the decree. The proceeding would be the trial of a new case, founded upon new facts which were unknown to the court that made the decree, and which did not enter into the decree. As was said

by Chief Justice Morton in *Gale* v. *Nickerson*, 144 Mass. 415, 418: "By entertaining a motion for a new trial, the Probate Court does not overrule the decision of this court; it decides that, by reason of newly discovered evidence, a new case is made out which this court has never passed upon. It will be a more convenient practice that such motions should be first heard in the Probate Court." The reasoning of that case would apply yet more strongly to a claim like this to set aside a verdict for the bribery of a juror than to what was really an application for a new trial on the ground of newly discovered evidence. No one will contend that an application to revoke an appointment because of the discovery of a new will should be made in the Supreme Judicial Court, for this court has no original jurisdiction of such matters. That the appointment was made after an appeal, and upon a decree of the Supreme Judicial Court, does not give it original jurisdiction to deal with such new conditions.

Nor can it be denied that a revocation, founded on new conditions, involves for the future the validity of the decree made in the appellate court. The doubt which has arisen in such cases, and in the case before us, grows out of the failure to distinguish between setting aside a verdict or changing a decree by the court where the verdict was returned or the decree entered, before the case has passed beyond the jurisdiction of the court, and an exercise of general jurisdiction over a subject which may include, as one of its conditions, a decree made by an appellate court, to be given effect in a lower court having jurisdiction over the general subject of which the decree is a part. In a case like the present, if the application is made to the Probate Court, there is no direct effort to change the proceedings in the appellate court. There is no motion to set aside the verdict there. There is no longer any jurisdiction over the subject there. It is the presentation to the Probate Court of a fact which may have the effect to require a revocation of an appointment. In this case, as in the other cases supposed, the petitioner presents a paper which is averred to be a will, and which she asks to have proved, with a revocation of the appointment of administrators. The only difference between the cases is that in one the validity of the will is to be passed upon without any previous consider-

ation of it, while in the other it has been considered, in connection with the entry of a decree that is alleged to be voidable because obtained by a fraud upon the court.

The decision of the court in *Gale* v. *Nickerson* rests, to a large degree, upon the peculiar features of our system. It is pointed out in the opinion that an appeal from the Probate Court more nearly resembles the taking of a question of law from the Superior Court to the Supreme Judicial Court under our present practice, than an appeal from a municipal, police or district court to the Superior Court, or an appeal under the old practice from the Court of Common Pleas to the Supreme Judicial Court. Under our present practice, in dealing with questions of law, the case is not brought to the full court, but only the questions of law. In probate appeals, all matters, both of law and fact, involved in the objections to the decree appealed from, are heard and tried in the appellate court; but when the appeal is disposed of, the case, as to all further proceedings, remains in the jurisdiction of the Probate Court. The higher tribunal has jurisdiction only for a special purpose, as to the matters involved in the objections to the decree.

The decision in *Gale* v. *Nickerson* was not affected by the fact that the original decree appealed from was affirmed and not reversed in the Supreme Judicial Court. The same reasons would apply, and the same decision would have been made, if the higher tribunal had changed the decree before remanding the case.

Let us suppose that in the present case the issues had been sent to the Superior Court for trial, as they well might have been under the statute, and that the bribery had occurred in the trial there. At any time before its work was done and its record made up and transmitted to the Supreme Judicial Court, the Superior Court might, upon a motion, for a good cause, set aside the verdict and order a new trial. But the court, in trying the issues sent to it, would be acting as a court of common law. After completing its work and returning the record of its proceedings to the Supreme Judicial Court, its jurisdiction would be ended. It seems very plain that it could not afterwards issue a writ of review to set aside its decision upon the issues, with a view to a second trial of them. The remedy would have to be

sought where the case was pending, or where the final decree had been entered as a basis for future action. In the same way, the Supreme Judicial Court, when trying issues of fact to a jury in a suit in equity, is acting as a court of common law, and the trial is governed by the rules of the common law. On the doctrine stated in *Gale* v. *Nickerson,* this court has no more jurisdiction now to issue a writ of review, or to authorize a bill of review in this case, for misconduct of a juror, than the Superior Court would have had if the bribery had been committed during a trial of the issues in that court.

The proceedings for the administration of Mr. Crocker's estate are in the Probate Court. The case in which the fraud was practised was ended by a decree that first took effect in the Probate Court, to give direction to further proceedings there for the administration of the estate. The final judgment was entered there. In that respect the condition was like that which exists when cases pending in the Superior Court are taken by writ of error to the Supreme Court of the United States, after having been to our Supreme Judicial Court for the decision of questions of law. The writ of error in such cases runs to the Superior Court as the court in which the final judgment is entered, and the Supreme Court of the United States reviews the questions of law which enter into the judgment in the Superior Court, although they depend upon the decision made and the rescript sent by the Supreme Judicial Court. If a writ of review was issued in such a case, it would necessarily go from the Superior Court and be heard in that court, even if the fraud or mistake on which it was founded occurred in some of the proceedings in the Supreme Judicial Court, and thus entered into its decision and rescript, and thence into the judgment to be reviewed.

The cases referred to by Chief Justice Morton in *Gale* v. *Nickerson,* at page 418, recognize the fact that a writ or bill of review must be brought in the court where the case was ended and the final judgment or decree entered. The decision in some of them that the court will not reconsider a question of law that has been decided at an earlier stage of the same case is not at variance with our view. Others of the cases depend upon a system of procedure which differs from our own.

We are of opinion that the petitioner should seek her remedy in the Probate Court. So far as the administrators have acted in the settlement of the estate under orders and decrees of that court, they will find in them sufficient protection. *Pierce* v. *Prescott*, 128 Mass. 140. *Harris* v. *Starkey*, 176 Mass. 445. If the facts here alleged are proved in that court, they will present a question similar to that which would arise if a will were discovered after the appointment of an administrator. It will be a question for that court whether such a fraud was practised in the case as should deprive the verdict of any effect upon the rights of the parties, and if so, whether the assent and request upon which the court acted in making the appointment should be treated as of no binding force, and, if that is decided, the court must determine, upon evidence to be presented, whether the will is the last will and testament of Uriel H. Crocker. The former appellate proceedings are ended, and cannot be revived. The petitioner's application must be to a separate branch of the general jurisdiction of the Probate Court for the settlement of estates of deceased persons, which includes the right to reconsider, and revoke if need be, any decree that is founded upon fraud or mistake. If the petitioner asks for any action by the court which will change the rights of the parties before this last question is decided, such action should not be taken upon an offer like that here made by the petitioner to refund " what she has received from the administrators in the event of the establishment of the will of said Uriel H. Crocker heretofore offered for probate by her." She should make her offer absolute, to restore what she has received, whatever may be the final result, and however the estate finally may be lawfully settled.

*Petition dismissed.*