BENJAMIN E. SPROUL, Petitioner,

*vs.*

CHARLES L. RANDELL et als.

Lincoln.　Opinion November 2, 1910.

*Constitutional Law.　Judicial Power.　Construction of Statutes.　Courts.　"Civil Proceeding."　Probate Appeals.　Failure to Enter Probate Appeals.　Exceptions.　Revised Statutes, chapter 65, sections 30, 31 ; chapter 84, sections 1, 24.*

1.  However the legislature may have understood an existing statute, only the court can authoritatively determine its force and scope.

2.  A petition under Revised Statutes, chapter 65, section 30, for leave to enter and prosecute a probate appeal is a "civil proceeding" within Revised Statutes, chapter 84, section 1, and notice thereon may be ordered by a Justice in vacation.

3.  A failure to enter in the Supreme Court of Probate an appeal taken from a decree of the probate court is within the statute, R. S., chapter 65, section 30, and a petition for leave to enter and prosecute such appeal can be sustained.

4.  That the failure to enter a probate appeal was because of an understanding on the part of the petitioner that some official of the probate court would have it entered is a sufficient reason for granting leave to enter and prosecute the appeal, if the Justice finds that such understanding was without the fault of the petitioner and that "justice requires a revision" of the matter.

5.  The affirmance, without hearing, of a decree of the probate court by the Supreme Court of Probate under Revised Statutes, chapter 65, section 31, because of the failure to enter and prosecute the appeal taken, does not necessarily bar a subsequent petition under section 30 for leave to enter and prosecute the appeal.

6.  Whether the granting such petition will work inconvenience or even hardship, and whether any and what terms should be imposed upon the petitioner are questions solely for the Justice hearing the petition. His decision of those questions is not reviewable on exceptions.

On exceptions to a decree permitting a probate appeal on the ground that appellant omitted, without fault on his part, to prosecute his appeal in time, under Revised Statutes, chapter 65, section 30, the contention that the petition for appeal sets forth reasons for appeal not contained in the original reasons filed in the probate court cannot be considered, where the original reasons are not made a part of the bill of exceptions.

On exceptions by defendant Randell.    Overruled.

Petition for leave to enter an appeal from the decree of the Judge of Probate, Lincoln County, made May 25, 1909, admitting to probate an instrument purporting to be the last will and testament of Adelia R. Sproul.

The case is stated in the opinion.

*Arthur S. Littlefield*, for plaintiff.

*Rodney I. Thompson, and W. H. Miller*, for defendant Randell.

SITTING :    EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, JJ.

EMERY, C. J.    May 25, 1909 the judge of probate for Lincoln County made a decree allowing a certain instrument as the will of Adelia R. Sproul, deceased.    On the same day, after the decree was made, Benj. E. Sproul, an heir of Adelia, claimed an appeal and filed reasons of appeal and the bond required by the statute.    No service of the reasons of appeal was made upon any other party, nor was the appeal entered at the term of the Supreme Court of Probate at which it was cognizable, viz., the Lincoln County October term 1909.    On the last day of that term, on complaint of the appellee, under R. S., ch. 65, sec. 31, that the appellant had failed to enter and prosecute his appeal, the presiding Justice affirmed the decree of the probate court.    This action, however, was without any notice to the appellant.

Later, in December, 1909, being in vacation and within a year from the date of the decree, Mr. Sproul presented to a Justice of this court a petition under R. S., ch. 65, sec. 30, for leave to enter and prosecute an appeal from that decree, and requested an order of notice thereon.    The Justice made thereon an order in vacation for service of notice returnable at the next term in Lincoln County. This order was seasonably and duly complied with.

On the first day of the return term, the respondent filed a motion to dismiss the petition for reasons stated in his motion.    The presiding Justice overruled the motion and after hearing granted the petition.    The respondent had various exceptions which are now to be considered.

1. The statute under which the Justice assumed to make the order of notice in vacation is found in sec. 1, ch. · 84, R. S., as follows. "Any justice of the Supreme Judicial Court, or of either of the Superior Courts, may order notice concerning any civil proceeding in or out of term time" etc. The respondent contends that the statute does not govern this case : *First,* because a petition for leave to enter an appeal is not a "civil proceeding" within the meaning of that term in the statute. He claims the term as there used refers only to judicial writs, and not to petitions, and cites *Mitchell v. Emmons,* 104 Maine, 76. In that case, however, the court upon this point simply decided that a motion for a new trial upon the ground of newly discovered evidence was governed by sec. 53, instead of sec. 1 of ch. 84,—that under sec. 53 notice of such motion could only be ordered by the court in session. In preparing the opinion in that case it was deemed advisable, in view of the arguments, to emphasize the fact that a Justice in vacation is not the court, and does not have the power of the court to order notice in vacation except as authorized by statute. It was not decided that sec. 1 of the statute did not authorize a Justice in vacation to order notice upon an original petition of which the court had jurisdiction. True, it was said in the opinion that the term "civil proceeding" as employed in the statute is "a generic term for writs of the class called judicial" but that language was used simply in antithesis to the proposition that a mere motion in court was in itself a civil proceeding within the purview of the statute. It should not be taken out of that. connection. On the other hand in *Backus, Appellant,* v. *Cheney,* 80 Maine, 17, it was held that a probate appeal was a "civil action" within the purview of the statute authorizing the transfer of "any civil action," from one county to another for trial (R. S., ch. 84, sec. 24). In *Carpenter* v. *Jones,* 121 Cali. 362, (53 Pac. 842) a petition to annul the probate of a will was held to be a "civil case." *Second.* The respondent reminds us that since the enactment of the statute in question the legislature has enacted several statutes specifically conferring the power in the particular case named in each such statute. His argument is that the court should understand from the enactment of these later statutes

that the legislature did not intend the statute now in question to be construed so broadly as to include petitions like that in this case. The argument is not valid. Even though subsequent legislatures may have construed the earlier statute strictly and narrowly, and hence may have deemed further and more specific legislation necessary to confer the power in various cases, the court must declare its own judgment as to the real scope of the statute.

The petition in this case was an original petition. It initiated a proceeding in court. We have no doubt it is a civil proceeding within the purview of the statute, and in the absence of any other statute specifically directing how notice of it should be given, notice may be ordered by a Justice in vacation under the statute in question.

2. The statute upon which the petition is based (R. S., ch. 65, sec. 30) provides that where a person aggrieved by a decree of the judge of probate, "from accident, mistake, defect of notice or otherwise, without fault on his part, omits to claim or prosecute his appeal," etc., the supreme court may allow an appeal upon petition therefor. The respondent contends that the statute nowhere provides against a failure to enter an appeal; that where there is a failure to enter an appeal, sec. 31 of the same chapter governs the case and requires the decree to be affirmed if asked for by the appellee; that the petitioner's only permissible course was to enter his appeal and then obtain from the court an order for the service of the reasons of appeal. The respondent further contends that the statute does not include cases where there is an entire want of notice, as distinguished from "defect of notice." We think however the spirit, if not the strict letter, of sec. 30 includes an omission to give any notice, and also an omission to enter the appeal. *Gurdy's Appeal*, 103 Maine, 356.

3. The respondent again contends that the petition should have been dismissed for want of any statement of facts from which it could be reasonably inferred that the omissions to give the notice and enter the appeal were without the petitioner's fault. Though not very directly or clearly stated, enough is alleged in the petition from which it can be reasonably inferred that the petitioner understood and expected that some probate court official would give the

required notice and enter the appeal in the Supreme Court. Whether he was without fault for such misunderstanding, was a question of fact for the presiding Justice hearing the petition. Such a misunderstanding, without fault, would justify the granting of the petition if the court also found that justice required a revision of the decree, as we must assume it did.

4. The respondent further contends that the affirmance of the decree made on his complaint under sec. 31, as above stated, bars this petition. Not necessarily so. The affirmance of the decree without hearing under sec. 31 was subject to the future action of the court upon a petition under sec. 30. True, sec. 31 is placed after sec. 30 in the present revision of the statutes, but in the original statute (that of 1821, ch. 65) sec. 65, providing for petitions for leave to appeal, follows sec. 64 providing for an affirmance of a decree. The change in the order of the sections does not change the effect of the statute.

5. The respondent contends in argument that incompetent evidence was received and considered by the presiding Justice. It appears, however, that the case was heard upon statements of counsel upon both sides without objection and it does not appear that any exception was reserved to the reception of any evidence.

6. The respondent contends that the petition sets forth reasons for appeal not contained in the original reasons filed in the probate court; but, as the original reasons are not made a part of the bill of exceptions, we cannot consider that matter.

7. Lastly, the respondent contends earnestly that the granting of the petition will occasion much inconvenience and hardship, and also contends that terms should have been imposed on the petitioners. These were questions solely for the presiding Justice whose decision of them is final, not subject to exception.

It follows that the decree allowing an appeal must stand,

*Exceptions overruled.*