SHERMAN TRIPP, ET ALS. IN EQUITY

<em>vs.</em>

GEORGE S. CLAPP, ET AL.

Androscoggin.    Opinion January 28, 1928.

*The weight of authority supports the general rule that exclusive jurisdiction rests in our Probate Courts over all matters relating to the probate of wills and the administration of estates.*

Under the Statutes, Chap. 68, Sec. 4, R. S., and the decisions of the Court full authority exists in the Probate Court to afford the plaintiffs ample remedy at law under the facts shown in the case at bar.

On appeal. A bill in equity to which respondents demurred alleging that the matters and things set forth in the bill were exclusively within the jurisdiction of the Probate Court and the Supreme Court of Probate, and the presiding Justice sustained the demurrer and dismissed the bill and an appeal was taken by complainants. Appeal dismissed with additional costs.

The case sufficiently appears in the opinion.

*Franklin Fisher,* for plaintiffs.

*George C. Webber,* for defendants.

SITTING: WILSON, C. J., PHILBROOK, DUNN, BARNES, BASSETT, PATTANGALL, JJ.

WILSON, C. J. A bill in equity seeking to set aside a will already admitted to probate on the ground that it had been revoked by a later will which had been suppressed and concealed by the defendants and also asking to have the defendants produce and file in the Probate Court the later will.

The bill alleges that the testatrix on January 30, 1918, made a will leaving the bulk of her property to Lottie Tukey Clapp, one of the defendants, that in January, 1925, said testatrix executed a new will, revoking the previous will, the contents of which will are to the complainants unknown, and that the defendants by fraud obtained possession of the will alleged to have been executed in 1925 and conspired to conceal and suppress it, and that on the death of the testatrix substituted the will executed in 1918 and procured its probate.

The defendants filed a demurrer in their answer and upon hearing below on the bill and demurrer the demurrer was sustained and the bill ordered dismissed. The cause is here on appeal from this ruling.

The appeal must be dismissed. The ground on which the demurrer was sustained was the exclusive jurisdiction in this State of the Probate Courts in all matters relating to the probate of wills and the administration of estates.

Counsel for plaintiff urges that, since courts of equity originally had jurisdiction of all matters in relation to the probate of wills and the jurisdiction of all estates and has now full equity powers, particularly where fraud is alleged, and the statute creating Courts of

Probate does not in terms give them exclusive jurisdiction over the probate of wills and the administration of estates, a Court of equity has power to revoke a decree of a Probate Court probating a will and require a concealed will to be delivered into the Probate Court.

The defendant's answer sets forth that the issue now raised has already been passed on in the Probate Court and in the Supreme Court of Probate and is now *res adjudicata*, but as it does not so appear in the plaintiff's bill, the Court below very properly ruled that this question is not raised by the demurrer.

Without deciding that under no circumstances will a Court of equity afford relief from a decree of a Probate Court shown to have been grounded on fraud where there is no adequate remedy at law, the overwhelming weight of authority supports the ruling of the Court below, that as a general rule exclusive jurisdiction rests in our Probate Courts over all matters relating to the probate of wills, and the administration of estates.

The leading case establishing this rule appears to be the case of Broderick's will, 21 Wall., 503, decided in 1874 which was followed in *Simmons* v. *Saul*, 138 U. S., 439; *Missionary Soc.* v. *Eells, et al.*, 68 Vt., 497; *Bradley* v. *Bradley*, 117 Md., 515, and cases cited in notes in 106 Am. St. Rep., 643 and 18 Am. & Eng. Ann. Cases, 803; 10 R. C. L. 362, Pomeroy Eq. Juris., sec. 348.

The Court in Broderick's case stated the rule as follows: "It is undoubtedly the general rule established both in England and this country that a court of equity will not entertain jurisdiction of a bill to set aside a will or the probate thereof. * * * One of the principal reasons assigned by equity courts for not entertaining bills on questions of probate is that probate courts themselves have all the powers and machinery to give full and adequate relief."

The case of *Gaines* v. *Chew*, 2 How., 619, relied upon by the plaintiff's counsel is not contrary to the general rule. The Court in that case said: "In cases of fraud, equity has concurrent jurisdiction with a court of law, but in regard to a will charged to have been obtained through fraud this rule does not hold."

The contention that no other adequate remedy is available for the plaintiffs in the case at bar has no merit. It is not even alleged in the bill. Nor do the facts alleged disclose the lack. On the contrary, under the statutes and the decisions of this Court ample power exists

in the Probate Court, Sec. 4, Chap. 68 R. S.; *Merrill Trust Co., Appellant* v. *Hartford*, 104 Me., 566, 572, in which the Court says: "It is well settled that a probate court has the power and duty upon subsequent petition, notice and hearing to vacate or annul a prior decree, even a decree of probate of will, clearly shown to be without foundation in law or fact and in derogation of legal right," citing *Cousens* v. *Advent Church*, 93 Me., 292; *Hotchkiss* v. *Ladd's Estate*, 62 Vt., 209; *Waters* v. *Stickney*, 12 Allen 1.   Also see *Gale* v. *Nickerson*, 144 Mass., 415, and *Conners' Case*, 121 Me., 37, 42.

*Appeal dismissed with additional costs.*