HENRY H. KIMBALL, PETITIONER FOR ANNULMENT OF
DECREE OF SUPREME COURT OF PROBATE AND
APPELLANT FROM DECREE OF PROBATE COURT.

Kennebec.    Opinion, September 8, 1946.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMP-
KINS, JJ.

*Ernest L. Goodspeed,* for petitioner and appellant.

*George D. Varney,* for petitionee and appellee.

Murchie, J.   In these two cases a single bill of exceptions relates to separate decrees of the Superior Court (the Supreme Court of Probate) entered on the same day in processes instituted in different forums with the common objective of avoiding the effect of an earlier decree therein (hereinafter referred to as the "surcharge decree") disallowing items in the Sixth Account of the Trustee under the fourth clause of the will of Horace Williams (hereafter referred to as the "Trustee"). One of them dismissed his petition to the Superior Court, dated August 21, 1945, for the annulment of the surcharge decree. It had been entered October 19, 1944, on an appeal from the decree of the Probate Court allowing the account, and operated to surcharge the Trustee for investment losses amounting to $12,555.98. An appeal therefrom to this Court was dismissed on jurisdictional grounds. *Edwards, Appellant (In re Williams' Estate)*, 141 Me., 219, 41 A., 2d, 825. The other dismissed his appeal from a decree of the Probate Court disallowing his Seventh and Final Account, dated July 22, 1943 (hereafter referred to as the "Seventh Account").

Both processes are grounded on the claim that the surcharge decree was "null and void and of no effect" because the Supreme Court of Probate exceeded its statutory authority "in referring the issues involved" in the appeal to referees "and in blindly adopting" their decision "without itself hearing and deciding the case." These are the allegations of the Reasons of Appeal in the appeal case and corresponding allegations are made in the Petition for Annulment, which declares also that while the case was pending before the referees the parties signed an agreement waiving exceptions to any question of jurisdiction or otherwise, stipulating that whatever decision the referees might render would:

"be incorporated into a decree . . . by the Supreme Court of Probate"

and undertaking that all parties would:

> "co-operate in the settlement of the Sixth Account in accordance with said decree."

There is nothing to indicate that such allegations were made in the Seventh Account but the decree entered thereon in the Probate Court shows that the facts alleged were proved at the hearing on it. In disallowing the account the Judge of Probate declared that regardless of its merits the claim presupposed an authority and jurisdiction of the Probate Court "to review the proceedings and pass upon the Decrees of the Supreme Court of Probate," which it did not possess.

The detail of the Sixth Account does not appear in the record, but the issue raised by the appeal which carried it to the Supreme Court of Probate is plainly set forth. That issue was the propriety of the allowance of investment losses. The account was dated April 18, 1939, and covered the period from January 1, 1935 to August 14, 1938. It asked the allowance of $49,506.77 on 15 investments involving a cost of $58,220.85. The cost and sale prices of the investments, except for 3 items that were not sold but proved to be worthless, are shown. The losses on 12 purchases ranged from a minimum of just under fifty per cent of the cost to a maximum of more than ninety-nine per cent. In the other 3 instances the loss was total. The overall average loss was slightly more than eighty-five per cent.

The account was allowed in May 1941. The appeal was entered in the Supreme Court of Probate at the October Term in that year. No action was taken on it until the October Term 1943, when it was referred to 3 referees. The referees filed a report at the October Term 1944. No action was taken on it. Three court days later, at the same term, the challenged decree was entered, sustaining the appeal, surcharging the Trustee and remanding the case to the Probate Court for further proceedings. There can be no doubt on the record that it was rendered on the basis of the report of the referees and an accompanying opinion setting

forth the reasons and reasoning underlying it, after consideration thereof and consultation with counsel.

The Trustee asserts his claim in reliance on the principle that probate appeals are not referable. *Chaplin, Appellant,* 131 Me., 187, 160 A., 27. In that case, as in the present ones, a decree entered in the Probate Court was carried to the Supreme Court of Probate by appeal and the parties agreed to submit it to reference. Thereafter counsel entered a stipulation waiving the illegality of the reference, but the appellant seasonably filed objections to the acceptance of the referee's report when it was filed. This was in accordance with the Rules of Court and the report having been accepted, notwithstanding the objections, and exception taken and prosecuted, this Court was obligated perforce to sustain it. As was stated in that opinion:

"Probate appeals are of statutory origin, and must be conducted strictly according to the statute."

The situation here is different. The report of the referees was given no force as such. The agreement of the parties was not a waiver of the illegality of the reference but of the right to take exceptions to a decree which would decide the cause in accordance with the judgment of the referees, in apparent compliance with the statute, and included an undertaking to have that judgment control the settlement of the Sixth Account (which would in turn control the closing of the trust).

The issues presented by the bill of exceptions are whether the Supreme Court of Probate transcended its authority in deciding the appeal without a hearing involving testimony and in accepting the judgment of unauthorized referees, in accordance with the formal agreement of the parties, and, if so, whether the surcharge can be avoided by either process invoked by the Trustee.

That a petition for annulment addressed to the Supreme Court of Probate is not a proper remedy, assuming an error, is apparent. That Court has no original jurisdiction. R. S. 1944, Chap. 140, Sec. 32, provides that the:

"superior court is the supreme court of probate, and has appellate jurisdiction in all matters determinable by the several judges of probate."

It has an appellate jurisdiction and nothing more. This has been noted in decisions over a long period of years. *Small et al.* v. *Small,* 4 Me., 220, 16 Am. Dec., 253; *Moore* v. *Smith,* 5 Me., 490; *Patten et ux.* v. *Tallman,* 27 Me., 17; *Cousins* v. *Advent Church of the City of Biddeford,* 93 Me., 292, 45 A., 43; *Tripp et al.* v. *Clapp et al.,* 126 Me., 534, 140 A., 199. Even in the appellate field its authority is confined to cases within the jurisdiction of courts of probate, *Veazie Bank* v. *Young,* 53 Me., 555, and to those brought forward by one entitled to prosecute an appeal, *Deering et al.* v. *Adams,* 34 Me., 41. An additional limitation is declared in *Merrill Trust Company* v. *Hartford,* 104 Me., 566, 72 A., 745, 129 Am. St. Rep., 415, where the decision was that it could not consider questions not raised by allegations in the Reasons of Appeal. The principle that courts of probate have an original jurisdiction in probate matters that is exclusive accords with the rule prevailing in Massachusetts. *Pope* v. *Pope,* 4 Pick., 129; *Waters* v. *Stickney,* 12 Allen, 1, 90 Am. Dec., 122; *Gale et al.* v. *Nickerson et al.,* 144 Mass., 415, 11 N. E., 714; *Crocker* v. *Crocker et al.,* 198 Mass., 401, 84 N. E., 476. The exception to the decree dismissing the Petition for Annulment must be overruled on that ground.

This does not indicate that the surcharge decree is beyond the reach of a petition for annulment instituted in the proper forum. The issue as to whether a decree of the Supreme Court of Probate is open to direct attack in a court of probate has never arisen in this jurisdiction, but it has been decided expressly in Massachusetts that it is, *Gale et al.* v. *Nickerson et al.,* supra (144 Mass., 415, 11 N. E., 714); *Crocker* v. *Crocker et al.,* supra (198 Mass., 401, 84 N. E., 476). The first of these decisions cites several authorities supporting the general principle that an inferior court cannot review or revise the decree of a higher court without leave

of the latter, but we adopt the rule prevailing in Massachusetts for all matters within the exclusive original jurisdiction of our probate courts. Such action received the approval of this Court in *Thompson, Appellant,* 116 Me., 473, 102 A., 303, although it was there noted that the appellate court had not passed on the merits of the appeal earlier presented to it.

The Seventh Account does not appear in the record but the decree of the Probate Court thereon, entered at the August Term 1945, discloses that it covers the period beginning August 16, 1938 and ending March 18, 1943, and that it starts with the closing balance of the Sixth Account, without amendment because of the surcharge decree. Its date, and the fact that it was presented as a Final Account showing the closing of the trust estate in March 1943, indicate that the Trustee purported to close his trust while an appeal involving the question of a surcharge against him was pending and while all further proceedings in connection with his accounting were suspended pending decision on the appeal. R. S. 1944, Chap. 140, Sec. 36.

The allowance of the account, notwithstanding the surcharge decree, was urged on the identical grounds alleged in the Petition for Annulment. That the facts were not alleged in the account, or in a petition accompanying it, is not material. It was stated in *Bergeron, Appellant,* 98 Me., 415, 57 A., 584, that although the process therein carried no direct application for the revocation or modification of an earlier decree, the relief sought must be regarded as containing it by necessary implication. The decree of the Judge of Probate in this case was not a denial of the remedy sought on the ground that the errors in procedure relied on had not been alleged but a forthright declaration that the court in which they were urged was without authority to consider them. That the ruling on that point was erroneous is not material if the decree entered was a proper one on other grounds. *Ellis* v. *Jameson,* 17 Me., 235; *Warren et al.* v. *Walker,* 23 Me., 453; *State* v. *Mosley,* 133 Me., 168, 175 A., 307. The decree brought forward for review is that of the Supreme Court of Probate and

not that of the Judge of Probate. By the terms of the former the latter is approved and reaffirmed "in all respects." This might be held to relate only to the disallowance of the account (all else being surplusage), but if it be interpreted as affirming the ruling that the Probate Court had no authority to annul the surcharge decree, assuming that it involved error, it was erroneous in that respect. The error was harmless however if the result was a proper one on any other ground.

The result was proper. The objection raised is that there was no hearing on the appeal in the Supreme Court of Probate. Counsel for the Trustee cites us to decisions which support the principles that probate decrees entered outside the field of statutory probate jurisdiction are wholly void and may be attacked collaterally, *Fowle* v. *Coe*, 63 Me., 245; *Coolidge* v. *Allen*, 82 Me., 23, 19 A., 89; *Snow* v. *Russell et al.*, 93 Me., 362, 45 A., 305, 74 Am. St. Rep., 350; and that decrees entered within that apparent field may be attacked directly and avoided on proof that statutory procedure was not followed. See the cases cited on the first point and also *Thompson* v. *Hall*, 77 Me., 160; *Taber et al.* v. *Douglass et al.*, 101 Me., 363, 64 A., 653; *Thompson, Appellant,* supra (116 Me., 473, 102 A., 303); *Waitt, Appellant,* 140 Me., 109, 34 A., 2d, 476; *Roukos, Appellant,* 140 Me., 183, 35 A., 2d, 861, and 141 Me., 83, 39 A., 2d, 663. Reference is made also to *Peters* v. *Peters*, 8 Cush., 529, and *Pierce* v. *Prescott*, 128 Mass., 140, but these add nothing to our own cases.

It is undoubted that a preliminary inquisition by municipal officers is essential for the appointment of the guardian of an insane person, *Coolidge* v. *Allen*, supra (82 Me., 23, 19 A., 89); that bonds are requisite in connection with licenses to sell real estate, *Snow* v. *Russell et al.*, supra (93 Me., 362, 45 A., 305, 74 Am. St. Rep., 350); that the appointment of a guardian for a minor involves the written consent of a parent, *Taber et al.* v. *Douglass et al.*, supra (101 Me., 363, 64 A., 653); and that particular facts must be alleged and proved to support the issue of a license to sell real estate, *Roukos, Appellant,* supra (141 Me.,

83, 39 A., 2d, 663). These are prerequisites. In the present case there can be no doubt of the jurisdiction of the Probate Court or of the Supreme Court of Probate over the Sixth Account of the Trustee or of the power and authority of the latter to issue such a decree as the one in question. The statute does not require that every probate appeal shall be heard by the Supreme Court of Probate. Appeals are "cognizable" therein, R. S. 1944, Chap. 140, Sec. 37, and the court shall take appropriate action thereon. Express provision of the statute is that if an appeal is not prosecuted the decree of the Court of Probate may be affirmed and additional action taken, R. S. 1944, Chap. 140, Sec. 35; *Sproul* v. *Randell et al.*, 107 Me., 274, 78 A., 450. Statutory authority would not be necessary to give the court power to dispose of an appeal in accordance with the agreement of the parties. It applies when an appellant fails to proceed with his appeal and does not assent to its dismissal. It can hardly be doubted that the parties to an appeal might agree that an appellant should have all or none of the relief sought, or a part of it, or that a trustee might be surcharged by agreement on designated items of an account under appeal and not on others. Such machinery was not adopted in this case. Instead the parties agreed, subject to the right of the Supreme Court of Probate to reject the proposed compromise, that a surcharge be made in accordance with the judgment of unauthorized referees. If the agreement had been that the Trustee be surcharged an agreed amount without specification of particular items, it must be assumed that the agreement would have been rejected because such a decree would not present the decision of the Supreme Court of Probate on the issues raised by the appeal. If the Trustee had repudiated his agreement when the appeal was considered in the Supreme Court of Probate, the opportunity for a hearing therein was available to him. *Chaplin, Appellant,* supra (131 Me., 187, 160 A., 27) indicates that the report of referees could not have been accepted against the objection of the trustee. It follows necessarily that their decision could not have been used as the foundation for a

decree over such objection. *Thompson, Appellant,* 114 Me., 338, 96 A., 238, L. R. A. 1918, A, 911 suggests that the trustee might have changed his position after the agreement was made provided he took the action before a decree was entered. His agreement must be interpreted as waiving a hearing in the Supreme Court of Probate. His counsel participated in the preparation of a decree giving effect to that agreement. The Supreme Court of Probate, reviewing the action of the Probate Court in disallowing the Seventh Account which involved the issues intended to be raised by the Petition for Annulment, was justified in refusing to annul the surcharge decree on the technical ground alleged. There is nothing in the statutes which requires a hearing on a probate appeal when the parties do not wish it at the time the appeal is reversed or affirmed in whole or in part.

*Exceptions overruled.*